# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Securities and Exchange Commission, | Civil Action |
| Plaintiff, | 0:11-cv-723-ADM-JSM |
| v. | |
| Marlon Quan, Acorn Capital Group, LLC and Stewardship Investment Advisors, LLC, | **ORDER GRANTING MOTION FOR LEAVE TO DEPOSIT FUNDS WITH THE COURT AND TO DISMISS ASSET BASED RESOURCE GROUP, LLC AS A RELIEF DEFENDANT** |
| Defendants, | |
| and | |
| Asset Based Resource Group, LLC and Florene Quan, | |
| Relief Defendants, | |
| and | |
| Nigel Chatterjee, Court-Appointed Liquidator of Stewardship Credit Arbitrage Fund, Ltd., Putnam Green, Ltd., and SCAF I, Ltd., | |
| Intervenor. | |

On December 15, 2011, the undersigned United States District Judge heard oral argument on the motion [Docket No. 68] of relief defendant Asset Based Resource Group, LLC ("ABRG") seeking leave to deposit funds with the Court and to be dismissed as a relief defendant. Based on all the files, records and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.   ABRG's motion is GRANTED.

2. Within five business days of the entry of this order, ABRG shall deposit the Remaining Funds with the Court.[1]

3. Within five business days of the entry of this order, ABRG shall distribute or deposit with the Court the Non-Petters Funds as follows:

    a. Voltarc (A)
        i. $2,103.27 to Bermuda Liquidator; and
        ii. $1,067.18 to the Court.

    b. Voltarc (B)
        i. $8,102.58 to the Court.

    c. Highridge
        i. $408,082.61 to the Bermuda Liquidator;
        ii. $120,169.35 to Stewardship International Fund, Ltd.; and
        iii. $73,196.25 to the Court.

    d. Vassel Jewels LLC
        i. $131.123.26 to the Bermuda Liquidator;
        ii. $37,291.60 to PrideCo Secured Loan Fund, L.P.; and
        iii. $84,131.11 to the Court.

4. Within five business days of the entry of this order, ABRG shall make all necessary arrangements to ensure that any future payments from (i) Douglas A. Kelley ("Kelley"), in his capacity as receiver for Petters Aircraft Leasing, LLC, and (ii) Petters Aviation, LLC ("PAV") that would be payable to ABRG for the benefit of the Onshore Funds will be paid into the registry of the Court. These arrangements shall entail:

    a. The filing of Evidence of Transfer of Claim with the Bankruptcy Court in *In re Petters Aviation, LLC*, Bankr. Court No. 08-bk-45136 (RJK) in the form set

---

[1] All capitalized terms not defined herein shall be used as defined in ABRG's memorandum of law in support of its motion.

forth in <u>Exhibit A</u> attached to the Affidavit of Mark Sullivan dated December 1, 2011 (the "Dec. Sullivan Affidavit");

b. The delivery of Notice of Transfer to Jay Salmen in the form set forth in <u>Exhibit B</u> attached to the Dec. Sullivan Affidavit;

c. The delivery of Notice of Transfer to Douglas Kelley, in his capacity as Receiver for PAL, in the form set forth in <u>Exhibit C</u> attached to the Dec. Sullivan Affidavit.

5. Within five business days of the later of (i) the receipt of any additional funds in connection with the Voltarc matter or (ii) the entry of this order, ABRG shall distribute or deposit with the Court any funds that it receives in connection with the Voltarc matter as follows:

a. 66.34% to the Bermuda Liquidator; and

b. 33.66% to the Court.

6. ABRG shall be allowed, without obtaining further approval from the Court, to deduct from the Remaining Funds any bank fees associated with receiving or transferring the Remaining Funds as provided by this Order.

7. Following the receipt of the funds identified in paragraphs 2 and 3 and proof that the notices identified in paragraph 4 were sent, ABRG shall be dismissed from this action with prejudice.

8. Notwithstanding ABRG's dismissal, ABRG shall continue to comply with the terms of this order, shall continue to respond to discovery requests in this action, and shall continue to cooperate with such reasonable requests for information as the SEC or any other

party may make.

9. When depositing funds with the Court, ABRG shall deliver those funds with a cover letter identifying ABRG as a relief defendant in this action and setting forth the title and civil action number of this action and the name of this Court. ABRG shall simultaneously copy the SEC on such communication.

10. The clerk shall deposit all funds received into an interest bearing account with the Court Registry Investment System or any other type of interest bearing account that is utilized by the Court. The funds received, together with any interest and income earned thereon, shall be held in the interest bearing account until further order of the Court.

Dated: December 15, 2011.

                                               BY THE COURT:

                                               s/Ann D. Montgomery
                                               ANN D. MONTGOMERY
                                               U.S. DISTRICT JUDGE