# ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

_____

**UNITED STATES SECURITIES**
**AND EXCHANGE COMMISSION**,

      **Plaintiff,**

    v.

**MARLON QUAN, et al.,**

      **Defendants.**

CIVIL ACTION
NO. 11-cv-723-ADM-JSM

_____

**[proposed] ORDER APPOINTING DISBURSEMENT AGENT**
**AND IMPOSING ANTI-SUIT INJUNCTION**

On the basis of Plaintiff United States Securities and Exchange Commission's ("Commission") Motion for an Order Appointing a Receiver and Anti-Suit Injunction, the Court having considered parties' papers and the record of this proceeding and having been advised in the premises:

**IT IS HEREBY ORDERED THAT:**

The Court appoints _____, as Disbursement Agent, without bond, for (1) Stewardship Credit Arbitrage Fund, LLC, Livingston Acres, LLC and Putnam Green, LLC ("the Liquidating Entities"); and (2) all money and assets of the Liquidating Entities held by this Court in connection with this proceeding, including all money and assets of the Liquidating Entities received by the Court in the future in connection with this proceeding. All assets of the Liquidating Entities including funds presently held by this

Court, for which _____ is hereby appointed Disbursement Agent, are hereinafter referred to as the "Liquidating Assets."

Within 60 days of entry of this Order, the Disbursement Agent shall propose to this Court a transparent claims and distribution process that provides all interested parties – including the Commission – with notice, an opportunity to submit their claims, and an opportunity to be heard before the Receiver and the Commission submit a recommended distribution plan to the Court with respect to all assets of the Liquidating Entities.

**IT IS FURTHER ORDERED THAT:**

**I.**

The Disbursement Agent shall have the following powers and duties:

A. To use reasonable efforts to determine the nature, location and value of all assets and property which the Liquidating Entities own, possesses, have a beneficial interest in, or control;

B. To engage and employ, with the prior approval of the Court, any individuals or entities the Disbursement Agent deems reasonably necessary to assist in his duties ("Retained Personnel");

C. To take custody, control and possession of all the funds, property, premises, leases, and other assets of or in the possession, or under the direct or indirect control of the Liquidating Entities; to manage, control, operate and maintain the Liquidating Assets for the purpose of winding down the activities of the Liquidating Entities; to use income, earnings, rents and profits of the Liquidating Assets for the purpose of managing,

controlling, operating and maintaining the Liquidating Assets;

  D. With the approval of the Court, to dissolve the Liquidating Entities;

  E. With the approval of the Court, to resist and defend all suits, actions, claims and demands which may now be pending or which may be brought or asserted against the Liquidating Assets;

  F. With the approval of the Court, to make such payments and disbursements from the funds so taken into his custody, control and possession or thereafter received, and to incur such expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Disbursement Agent;

  G. With the approval of the Court, to take such action as necessary and appropriate to prevent the dissipation or concealment of any funds or assets or for the preservation of any such funds and assets of the Liquidating Entities;

  H. With the approval of the Court, to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Minnesota (without being subject to the limits imposed by Fed. R. Civ. P. 26(d)(1), except that notice of a subpoena does not have to be provided by the Disbursement Agent to any party) concerning any subject matter relating to the identification, preservation, collection and/or liquidation of the Liquidating Assets; provided that nothing in this paragraph shall be deemed to require the Distribution Agent to issue subpoenas if it determines in good faith that use of that power is not necessary to achieve the purposes of this Order;

      I.    On application to the Court for good cause shown, to be substituted as the Managing Member of the Liquidating Entities and thereafter to take any action which could be taken by the Managing Member of the Liquidating Entities;

      J.    To suspend, terminate or grant a leave of absence to any employees or independent contractors of the Liquidating Entities; and

      K.    To take such other action as may be approved by this Court.

## II.

The Disbursement Agent and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Liquidating Assets.  Such compensation shall be in amounts commensurate with the services performed by the Disbursement Agent and Retained Personnel and shall be subject to the approval of the Court.  The Disbursement Agent and Retained Personnel shall apply to the Court for such compensation and expense reimbursement monthly.  The Commission shall have the opportunity to review and, at its sole discretion, object to any application of the Disbursement Agent and Retained Personnel for compensation.  Nothing in this Order shall be construed to require the Disbursement Agent to discharge any law firm or professional services firm that is currently providing services to any of the Liquidating Entities or to employ Retained Personnel to substitute for such firms.

## III.

The Disbursement Agent shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this

matter unless and until this Court so orders.

## IV.

The Disbursement Agent and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Disbursement Agent or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Disbursement Agent or Retained Personnel, nor shall the Disbursement Agent or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they committed acts or omissions in bad faith. The Disbursement Agent and Retained Personnel are entitled to rely on and give such weight as they deem appropriate to statements, opinions, accountings, books and records, testimony, documents or other evidentiary matters from whatever source as they deem appropriate in the circumstances, and shall not be liable to any for any actions taken by them in good faith reliance on such matters.

## V.

The Disbursement Agent shall establish one or more bank account(s), in his discretion, to deposit the Liquidating Entities' frozen funds and any other funds the Disbursement Agent may recover. The Disbursement Agent shall use such funds for any legitimate purpose consistent with the Disbursement Agent's powers and duties and this Order, including paying fees and expenses of the Disbursement Agent and Retained

Personnel, as approved by the Court.

## VI.

The Defendants and their Managing Members and employees are required to the best of their ability to respond promptly and truthfully to all requests for information and documents from the Disbursement Agent.

## VII.

All investors, members, partners, borrowers, creditors, and other persons, and all others acting on behalf of any such investor, member, partner, borrower, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, independent contractors, and attorneys, are stayed from:

    A.   Taking any action to enforce any judgment against the Liquidating Entities;

    B.   Taking any action to collect any debt allegedly owed by the Liquidating Entities;

    C.   Filing any voluntary or involuntary petition under the Bankruptcy Code on behalf of the Liquidating Entities;

    D.   Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of the Liquidating Entities, wherever situated;

    E.   Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement

or other agreement with or otherwise affecting the Liquidating Assets, without the agreement of the Disbursement Agent; and

   F. Doing any act to interfere with the taking control, possession, or management, by the Disbursement Agent, of any assets of the Liquidating Entities, or to in any way interfere with or harass the Disbursement Agent, or to interfere in any manner with the exclusive jurisdiction of this Court over the Liquidating Assets.

## VIII.

From time to time, upon application of the Disbursement Agent, the Court shall reissue this Order and upon applications of the Disbursement Agent may amend this Order.

## IX.

All persons, and all others acting on behalf of any such persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, independent contractors, and attorneys, are ordered to turn over to the Disbursement Agent any and all property, including records of any nature, of which the Liquidating Entities are the owner or have an interest in promptly and to the best of their ability upon receiving notice of the entry of this Order.

## X.

No person holding or claiming any position of any sort with any of the Liquidating Entities shall possess any authority to make any disposition of assets by or on behalf of the Liquidating Assets without the consent of the Disbursement Agent.

## XI.

No officers, directors, partners, members, shareholders, and trustees of any corporations, partnerships, companies, trusts and/or other entity (regardless of form) that are among the Liquidating Assets shall exercise any of their rights or powers with respect a disposition or disbursement of assets of the Liquidating Entites without the approval of the Disbursement Agent.

## XII.

The Defendants, their agents, servants, employees, independent contractors, attorneys, any persons acting for or on behalf of the Liquidating Entities, and any persons receiving notice of this Order by personal service or otherwise, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning, or in any way conveying any property or assets of the Liquidating Assets, and are restrained and enjoined from transacting any business of the Liquidating Entities, except with the prior approval of the Disbursement Agent or the Court.

## XIII.

The Defendants, their agents, servants, employees, independent contractors, and attorneys, any persons acting for or on behalf of the Liquidating Entities, and any persons receiving notice of this order by personal service or otherwise, having possession of the property, business, books, records, accounts or assets of the Liquidating Enities, are hereby directed to deliver the same to the Disbursement Agent upon reasonable request by the Disbursement Agent, his agents and/or employees. The Disbursement Agent shall

have no obligation to obtain custody of original books, records or accounts of the Liquidating Entities except to the extent reasonably necessary in the sole judgment of the Disbursement Agent to effectuate the purposes of this Order.

### XIV.

The Defendants their agents, servants, employees, and independent contractors, attorneys, any persons acting for or on behalf of the Liquidating Entities, and entities under their direct or indirect control shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Disbursement Agent, in the performance of his duties.

### XV.

Any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of the Liquidating Entities, that receives actual notice of this Order by personal service, facsimile transmission or otherwise shall, within three (3) business days of receipt of that notice, file with the Court and serve on the Disbursement Agent and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.

### XVI.

The Disbursement Agent is authorized to communicate with all such persons as

he deems appropriate to inform them of the status of this matter and the financial condition of the Liquidating Assets.  The Disbursement Agent is further authorized to record this Order with government offices and to serve this Order on any person as he deems appropriate in furtherance of his responsibilities in this matter.   All government offices which maintain public files of security interests in real and personal property are hereby ordered to record this Order when requested to do so by the Disbursement Agent or the Commission.

### XVII.

The Disbursement Agent shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of the Defendants to comply in any way with the terms of this Order.

### XVIII.

No provision of this Order shall require the waiver of, or otherwise impinge upon, any person's rights to assert any applicable Constitutional or other privilege, including but not limited to the attorney-client privilege, any joint defense privilege, and the attorney work product doctrine, in lieu of complying with the terms of this Order.

**SO ORDERED.**

_____                              _____

**DATE**                                                        **UNITED STATES DISTRICT JUDGE**