UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARLON QUAN, ACORN CAPITAL GROUP, LLC and STEWARDSHIP INVESTMENT ADVISORS, LLC,<br><br>Defendants. | Civil No. 11-723 ADM/JSM |

## DECLARATION OF MARLON QUAN

1.   My name is Marlon Quan. I am the managing member of Stewardship Investment Advisors LLC ("SIA") and Acorn Capital Group LLC ("Acorn"). SIA is the managing member of Stewardship Credit Arbitrage Fund LLC ("SCAF"). I make this declaration in support of defendants' opposition to the motion of the Securities and Exchange Commission seeking appointment of a Receiver for SCAF.

2.   I reviewed the Declaration of Donald Ryba dated February 17, 2012. That declaration refers to four investors who brought claims against me and, among others, SCAF. The claims of Poptech have not been resolved, but the remaining claims have been dismissed.

3.   Other than the *Poptech* and *Northlight* cases, I am not aware of any litigation that is pending, or threatened, by any third party against SCAF. At my

direction, counsel is currently engaged in settlement discussions with plaintiff's counsel in *Poptech*. Since *Poptech* is brought on behalf of all class A members of SCAF, any recovery against SCAF would diminish the very funds sought for class A members. I have been advised that Poptech counsel is considering my request that it voluntarily dismiss the claims as to SCAF. On February 22, 2012 I filed (*pro se*) in federal court in New York a motion seeking an extension of time for SCAF to respond to the *Northlight* complaint.

4. In addition to claims asserted against it, SCAF has retained counsel to assert various claims against third parties including the various Petters entities and against other borrowers who failed to repay debts to SCAF, and others (based on claims for misconduct). In all of the current pending cases seeking additional recoveries for SCAF, the representation of SCAF is being handled by the firm of Reid Collins & Tsai on a contingency basis. In most of these cases, the counsel representing SCAF also represented SCAF's offshore affiliated fund SCAF Ltd. (represented by the Bermuda Liquidator PricewaterhouseCoopers). In addition to the Petters-related recoveries, which included the sale of some Petters-related claims to a third party (for seven cents on the dollar), SCAF has obtained recoveries from a number of parties not affiliated with Petters.

5. Several claims remain outstanding. In the *R. Esmerian, Inc.* bankruptcy proceedings mentioned in Mr. Ryba's declaration SCAF has an allowed claim that will be resolved when assets are distributed.

6. In addition, three claims are disputed and in litigation. In each of these cases, counsel pursuing the claim (the Reid Collins firm) has represented SCAF in other recovery actions and has obtained substantial net recoveries on behalf of SCAF. In each

of these cases, the claims are being pursued not only by SCAF but by SCAF Ltd. As a result of its litigation on behalf of SCAF, the Reid Collins firm has obtained substantial familiarity with the factual and legal issues in the case. These outstanding claims being prosecuted by SCAF are: (1) *SCAF v. Michael Steinhardt*, Supreme Court of New York State, No. 653021-2011; (2) S*CAF v. Hoberman, Miller, Goldstein & Lesser P.C.*, No. 651901/2011; and (3) *SCAF v. Charles Zucker Cultured Pearl Corp. et al.*, No. 600634/2010. All of these cases are small collection actions, and since they are being pursued on a contingency basis will not entail payment of legal fees by SCAF.

7.   I do not have substantial financial resources available to me. In June 2011 I provided a detailed accounting for my financial position to the SEC (in addition to an accounting for SIA and Acorn). My financial statement showed a total net worth of approximately $1.6 million. However, the assets on my financial statement included as an asset loans to SIA of more than $3.6 million of doubtful collectability. My financial statement showed total liabilities of more than $5.6 million, which I believe I have no reasonable prospect of paying in full. Since the date of my financial statement (provided to the SEC pursuant to a sworn declaration) my net worth has deteriorated. My total income during 2011 (from consulting work unconnected to SIA, Acorn or SCAF) was approximately $50,000.

8.   My long-time counsel David Smith recently agreed to represent me and Acorn in the *Northlight* litigation on the condition that my request for an extension of time is granted. But for my past relationship with Mr. Smith I do not believe he would

have agreed to represent me in *Northlight* on account of the uncertainties about my ability to pay him in full for his services.

I declare under penalties of perjury that the foregoing statements are true to the best of my knowledge, information and belief.

_____
Marlon Quan

Executed this 28th day of February, 2012.