**ATTACHMENT B**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

_____

|  |  |
|---|---|
| | : |
| **UNITED STATES SECURITIES** | : |
| **AND EXCHANGE COMMISSION**, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | : **CIVIL ACTION** |
| **v.** | : **NO. 11-cv-723-ADM-JSM** |
| | : |
| **MARLON QUAN, et al.,** | : |
| | : |
| | : |
| **Defendants.** | : |
| | : |

_____ :

**[proposed] ORDER APPOINTING ~~RECEIVER~~DISBURSEMENT AGENT**
**AND ~~ENTERING~~IMPOSING ANTI-SUIT INJUNCTION**

On the basis of Plaintiff United States Securities and Exchange Commission's ("Commission") Motion for an Order Appointing a Receiver and Anti-Suit Injunction ~~(Dkt. #111)~~, the Court having considered parties' papers and the record of this proceeding and having been advised in the premises:

**IT IS HEREBY ORDERED THAT:**

The Court appoints _____, as ~~Receiver~~Disbursement Agent, without bond, for (1) Stewardship Credit Arbitrage Fund, LLC, Livingston Acres, LLC and Putnam Green, LLC ("the ~~Receivership~~Liquidating Entities"); and (2) all money and assets of the Liquidating Entities held by this Court in connection with this proceeding, including all money and assets of the Liquidating Entities received by the Court in the future in

connection with this proceeding. ~~The Receivership~~All assets of the Liquidating Entities ~~and the money and assets~~including funds presently held by this Court, for which

_____ is hereby appointed ~~Receiver~~Disbursement Agent, are hereinafter referred to as the "~~Receivership Estate."~~ Liquidating Assets."

        Within 60 days of entry of this Order, the Disbursement Agent shall propose to this Court a transparent claims and distribution process that provides all interested parties – including  the Commission – with notice, an opportunity to submit their claims, and an opportunity to be heard before the Receiver and the Commission submit a recommended distribution plan to the Court with respect to all assets of the Liquidating Entities.

**IT IS FURTHER ORDERED THAT:**

**I.**

The ~~Receiver~~Disbursement Agent shall have the following powers and duties:

A.   To use reasonable efforts to determine the nature, location and value of all assets and property which the ~~Receivership Estate owns~~Liquidating Entities own, possesses, ~~has~~have a beneficial interest in, or ~~controls~~control;

B.   To engage and employ, with the prior approval of the Court, any individuals or entities the ~~Receiver~~Disbursement Agent deems reasonably necessary to assist in his duties ("Retained Personnel");

C.   To take custody, control and possession of all the funds, property, premises, leases, and other assets of or in the possession, or under the direct or indirect control of

2

the ~~Receivership Estate~~<u>Liquidating Entities</u>; to manage, control, operate and maintain the ~~Receivership Estate~~<u>Liquidating Assets</u> for the purpose of winding down the activities of the ~~Receivership~~<u>Liquidating</u> Entities; to use income, earnings, rents and profits of the ~~Receivership Estate~~<u>Liquidating Assets</u> for the purpose of managing, controlling, operating and maintaining the ~~Receivership Estate~~<u>Liquidating Assets</u>;

D.   With the approval of the Court, to dissolve the ~~Receivership~~<u>Liquidating</u> Entities;

E.   With the ~~prior~~ approval of the Court, to ~~bring such legal actions based on law or equity in any state, federal, or foreign court as he deems reasonably necessary or appropriate in discharging his duties as Receiver;        F.        To~~ resist and defend all suits, actions, claims and demands which may now be pending or which may be brought or asserted against the ~~Receivership Estate (if necessary notwithstanding the anti-suit injunction imposed herein)~~<u>Liquidating Assets</u>;

<s>G</s><u>F</u>. With the approval of the Court, to make such payments and disbursements from the funds so taken into his custody, control and possession or thereafter received, and to incur such expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as ~~Receiver~~<u>Disbursement Agent</u>;

<s>H</s><u>G</u>. With the approval of the Court, to take such action as necessary and appropriate to prevent the dissipation or concealment of any funds or assets or for the preservation of any such funds and assets of the ~~Receivership Estate~~<u>Liquidating Entities</u>;

~~I~~H.  ~~To have~~With the ~~authority~~approval of the Court, to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Minnesota (without being subject to the limits imposed by Fed. R. Civ. P. 26(d)(1), except that notice of a subpoena does not have to be provided by the ~~Receiver~~Disbursement Agent to any party) concerning any subject matter relating to the identification, preservation, collection and/or liquidation of the ~~Receivership Estate;~~ Liquidating Assets; provided that nothing in this paragraph shall be deemed to require the Distribution Agent to issue subpoenas if it determines in good faith that use of that power is not necessary to achieve the purposes of this Order;

~~J.    To~~I.    On application to the Court for good cause shown, to be substituted as the Managing Member of the Liquidating Entities and thereafter to take any action which could be taken by the ~~officers, directors, partners, members, shareholders, and trustees of the Receivership~~Managing Member of the Liquidating Entities;

~~K.~~ J. To suspend, terminate or grant a leave of absence to any employees or independent contractors of the ~~Receivership~~Liquidating Entities; and

~~L~~K. To take such other action as may be approved by this Court.

## II.

The ~~Receiver~~Disbursement Agent and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the ~~Receivership~~

~~Estate~~Liquidating Assets.  Such compensation shall be in amounts commensurate with the services performed by the ~~Receiver~~Disbursement Agent and Retained Personnel and shall be subject to the approval of the Court.  The ~~Receiver~~Disbursement Agent and Retained Personnel shall apply to the Court for such compensation and expense reimbursement monthly.  The Commission shall have the opportunity to review and, at its sole discretion, object to any application of the ~~Receiver~~Disbursement Agent and Retained Personnel for compensation.  Nothing in this Order shall be construed to require the Disbursement Agent to discharge any law firm or professional services firm that is currently providing services to any of the Liquidating Entities or to employ Retained Personnel to substitute for such firms.

### III.

The ~~Receiver~~Disbursement Agent shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

### IV.

The ~~Receiver~~Disbursement Agent and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the ~~Receiver~~Disbursement Agent or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as ~~Receiver~~Disbursement

5

Agent or Retained Personnel, nor shall the ~~Receiver~~Disbursement Agent or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they ~~acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties~~committed acts or omissions in bad faith.  The Disbursement Agent and Retained Personnel are entitled to rely on and give such weight as they deem appropriate to statements, opinions, accountings, books and records, testimony, documents or other evidentiary matters from whatever source as they deem appropriate in the circumstances, and shall not be liable to any for any actions taken by them in good faith reliance on such matters.

## V.

The ~~Receiver~~Disbursement Agent shall establish one or more bank account(s), in his discretion, to deposit the ~~Receivership Estate's~~Liquidating Entities' frozen funds and any other funds the ~~Receiver~~Disbursement Agent may recover.  The ~~Receiver~~Disbursement Agent shall use such funds for any legitimate purpose consistent with the ~~Receiver~~Disbursement Agent's powers and duties and this Order, including paying fees and expenses of the ~~Receiver~~Disbursement Agent and Retained Personnel, as approved by the Court.

## VI.

The Defendants~~, the Relief Defendant, their members, partners, officers, agents, servants, employees, independent contractors, and attorneys, and any persons acting for~~

6

~~or on behalf of the Receivership Estate, a Defendant, or a Relief Defendant~~, and their Managing Members and employees are required to ~~assist the Receiver in fulfilling his duties and obligations.  As such, they must~~the best of their ability to respond promptly and truthfully to all requests for information and documents from the ~~Receiver~~Disbursement Agent.

## VII.

All investors, members, partners, borrowers, creditors, and other persons, and all others acting on behalf of any such investor, member, partner, borrower, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, independent contractors, and attorneys, are stayed from:

A.   Taking any action to enforce any judgment against the ~~Receivership Estate;~~ Liquidating Entities;

B.   Taking any action to collect any debt allegedly owed by the ~~Receivership Estate;~~ Liquidating Entities;

C.   Filing any voluntary or involuntary petition under the Bankruptcy Code on behalf of the ~~Receivership Estate;~~ Liquidating Entities;

D.   Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of the ~~Receivership Estate~~Liquidating Entities, wherever situated;

7

E.    Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with or otherwise affecting the ~~Receivership Estate~~Liquidating Assets, without the agreement of the ~~Receiver~~Disbursement Agent; and

F.    Doing any act to interfere with the taking control, possession, or management, by the ~~Receiver~~Disbursement Agent, of any assets of the ~~Receivership Estate~~Liquidating Entities, or to in any way interfere with or harass the ~~Receiver~~Disbursement Agent, or to interfere in any manner with the exclusive jurisdiction of this Court over the ~~Receivership Estate~~Liquidating Assets.

## VIII.

From time to time, upon application of the ~~Receiver~~Disbursement Agent, the Court shall reissue this Order and upon applications of the ~~Receiver~~Disbursement Agent may amend this Order.

## IX.

All persons, and all others acting on behalf of any such persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, independent contractors, and attorneys, are ordered to turn over to the ~~Receiver~~Disbursement Agent any and all property, including records of any nature, of which the ~~Receivership Estate is~~Liquidating Entities are the owner or ~~has~~have an interest in promptly and to the best of their ability upon receiving notice of the entry of this Order.

8

**X.**

No person holding or claiming any position of any sort with any of the ~~Receivership Estate~~Liquidating Entities shall possess any authority to ~~act~~make any disposition of assets by or on behalf of the ~~Receivership Estate.~~ Liquidating Assets without the consent of the Disbursement Agent.

**XI.**

No officers, directors, partners, members, shareholders, and trustees of any corporations, partnerships, companies, trusts and/or other entity (regardless of form) that are among the ~~Receivership Estate~~Liquidating Assets shall exercise any of their rights or powers with respect ~~to the Receiver Estates until further order of the Court~~a disposition or disbursement of assets of the Liquidating Entites without the approval of the Disbursement Agent.

**XII.**

The Defendants, ~~the Relief Defendant,~~ their agents, servants, employees, independent contractors, attorneys, any persons acting for or on behalf of the ~~Receivership Estate~~Liquidating Entities, and any persons receiving notice of this Order by personal service or otherwise, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning, or in any way conveying any property or assets of the ~~Receivership Estate~~Liquidating Assets, and are restrained and enjoined from transacting

any business of the ~~Receivership Estate~~Liquidating Entities, except with the prior

approval of the ~~Receiver~~Disbursement Agent or the Court.

## XIII.

  The Defendants, ~~the Relief Defendant,~~ their agents, servants, employees,

independent contractors, and attorneys, any persons acting for or on behalf of the

~~Receivership Estate~~Liquidating Entities, and any persons receiving notice of this order by

personal service or otherwise, having possession of the property, business, books,

records, accounts or assets of the ~~Receivership Estate~~Liquidating Enities, are hereby

directed to deliver the same to the ~~Receiver~~Disbursement Agent upon reasonable request

by the Disbursement Agent, his agents and/or employees.  The Disbursement Agent shall

have no obligation to obtain custody of original books, records or accounts of the

Liquidating Entities except to the extent reasonably necessary in the sole judgment of the

Disbursement Agent to effectuate the purposes of this Order.

## XIV.

  The Defendants~~, the Relief Defendant,~~ their agents, servants, employees, and

independent contractors, attorneys, any persons acting for or on behalf of the

~~Receivership Estate~~Liquidating Entities, and entities under their direct or indirect control ~~shall cooperate with and assist the Receiver and~~ shall take no action, directly or indirect-

ly, to hinder, obstruct, or otherwise interfere with the ~~Receiver~~Disbursement Agent, in the

performance of his duties.

## XV.

Any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of the ~~Receivership Estate~~Liquidating Entities, that receives actual notice of this Order by personal service, facsimile transmission or otherwise shall, within three (3) business days of receipt of that notice, file with the Court and serve on the ~~Receiver~~Disbursement Agent and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.

## XVI.

The ~~Receiver~~Disbursement Agent is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the ~~Receivership Estate~~Liquidating Assets.  The ~~Receiver~~Disbursement Agent is further authorized to record this Order with government offices and to serve this Order on any person as he deems appropriate in furtherance of his responsibilities in this matter.   All government offices which maintain public files of security interests in real and personal property are hereby ordered to record this Order when requested to do so by the ~~Receiver~~Disbursement Agent or the Commission.

## XVII.

11

The ~~Receiver~~Disbursement Agent shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of the Defendants ~~or the Relief Defendant~~ to comply in any way with the terms of this Order.

## XVIII.

~~Within 30 days of entry of this Order, the Receiver shall propose to this Court a transparent claims and distribution process that provides all interested parties — including the Commission — with notice, an opportunity to submit their claims, and an opportunity to be heard before the Receiver and the Commission submit a recommended distribution plan to the Court.~~

~~XIX.~~  No provision of this Order shall require the waiver of, or otherwise impinge upon, any person's rights to assert any applicable Constitutional or other privilege, including but not limited to the attorney-client privilege, any joint defense privilege, and the attorney work product doctrine, in lieu of complying with the terms of this Order.

**SO ORDERED.**


_____                        _____

**DATE**                                            **UNITED STATES DISTRICT JUDGE**

Document comparison by Workshare Professional on Friday, March 02, 2012 12:17:07 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USWORKSITE/ActiveUS/93333539/1 |
| Description | #93333539v1<ActiveUS> - 2003 Version:  2012 02 16 Proposed Receiver and Stay Order (draft) |
| Document 2 ID | interwovenSite://USWORKSITE/ActiveUS/93329801/2 |
| Description | #93329801v2<ActiveUS> - Order appointing Disbursement Agent (3-02-12) |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 99 |
| Deletions | 101 |
| Moved from | 5 |
| Moved to | 5 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 210 |