UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

```
- - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES SECURITIES          :
AND EXCHANGE COMMISSION,          :
                                  :
            Plaintiff,            :
                                  :
      v.                          :
                                  :       CIVIL ACTION
MARLON QUAN, et al.,              :       0:11-cv-00723-ADM-JSM
                                  :
            Defendants,           :
                                  :
FLORENE QUAN,                     :
                                  :
            Relief Defendant,     :
                                  :
      and                         :
                                  :
DZ BANK AG DEUTSCHE               :
ZENTRAL-                          :
GENOSSENSCHAFTSBANK,              :
FRANKFURT AM MAIN ("DZ            :
BANK"),                           :
                                  :
            Intervenor.           :
- - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff, the United States Securities and Exchange Commission ("Commission"), respectfully requests that the Court grant the Commission leave to file an amended complaint. Based on the decision of the United States Supreme Court in *Janus Capital Group, Inc., et al. v. First Derivative Traders*, __ U.S. __, 131 S.Ct. 2296 (2011) ("*Janus*"), the Commission

requests leave to alter its complaint to include, among other things, the following substantive changes:

- add as defendants the following entities controlled by Defendant Marlon Quan: Stewardship Credit Arbitrage Fund, LLC ("SCAF"), Putnam Green, LLC ("Putnam"), Livingston Acres, LLC ("Livingston"), and ACG II, LLC ("ACG II");

- allege that SCAF committed fraud by making material misstatements in its offering materials to prospective investors;

- allege that Quan aided and abetted SCAF's fraud;

- allege that Quan and his entities – including new defendants Putnam, Livingston, SCAF and ACG II – engaged in a fraudulent scheme to conceal from SCAF's investors Petters' growing inability to make payments on the Petters Notes; and

- allege that, under Exchange Act Section 20(a), Quan is liable as a control person for each of the alleged violations of federal securities law committed by SCAF, Stewardship Investment Advisors, LLC ("Stewardship IA"), Acorn Capital Group, LLC ("Acorn"), Putnam, Livingston, and ACG II.

(See Ex. A, Proposed First Am. Compl.)

### I.    Background

On March 24, 2011, the Commission filed its complaint against Defendant Marlon Quan and two entities under his control – Stewardship IA and Acorn. (Dkt. #1). Among other things, the Commission alleged that Quan made material misrepresentations in various offering materials to prospective SCAF investors regarding purported safeguards that were never implemented. On June 13, 2011, almost three months after the complaint was filed, the U.S. Supreme Court issued its opinion in *Janus*. Prior to *Janus*, a defendant's role in drafting, editing and disseminating false statements for the purpose of offering and selling securities was a

recognized basis to establish primary liability for "making" a false statement in violation of Rule 10b-5(b). *Janus* narrowed the definition of "making" a false statement for purposes of Rule 10b-5(b) to reach only those with "ultimate authority" over the content and dissemination of a statement. *Janus*, 131 S.Ct. at 2302. The Court went on to observe that "[o]ne who prepares or publishes a statement on behalf of another is not its maker." *Id.*

## II. Argument

### A. Standard for Granting a Motion for Leave to File a First Amended Complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have interpreted that standard as requiring that a motion for leave to amend be granted unless there are compelling reasons "such as undue delay, bad faith, or dilatory motive…undue prejudice to the non-moving party, or futility of the amendment." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). None of these factors are present in this case. The Commission's motion is based on an intervening change in the law that occurred after the Commission filed its complaint. This is the Commission's first request to file an amended pleading and this motion comes before the start of discovery on the merits.

### B. The Court Should Grant the Commission's Motion for Leave to File a First Amended Complaint.

The Commission seeks leave to amend its complaint because of an intervening change in the law as a result of the Supreme Court's decision in *Janus*. Courts

recognize that an intervening change in the law justifies the amendment of a complaint. *See*, *e.g.*, *Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009) ("Because of the intervening clarification of New York products liability law, and because of the liberal precepts of Fed. R. Civ. P. 15(a)(2), the Court grants Plaintiff leave to replead this claim"). In fact, courts have granted the Commission leave to amend its complaints based on the very intervening change here: the Supreme Court's *Janus* decision. *E.g.*, *S.E.C. v. Big Apple Consulting USA, Inc.*, No. 6:09-cv-1963-Orl-28GJK, 2011 WL 3759916, at *1 (M.D. Fla. Aug. 25, 2011) (granting the SEC's motion for leave to file an amended complaint in the wake of *Janus* because the *Janus* opinion altered the scope of primary liability under Rule 10b-5 "and therefore constitutes an intervening change in the law"); *see also S.E.C. v. Daifotis*, No. C 11-00137 WHA, 2011 WL 4714250 (N.D. Cal. Oct. 7, 2011) (granting Commission leave to amend complaint in light of *Janus*).

Prior to the Supreme Court's decision in *Janus*, a defendant could be held primarily liable under Exchange Act Rule 10b-5(b) for "causing" a false statement to be made. *S.E.C. v. Huff*, 758 F. Supp. 2d 1288, 1343, n.22 (S.D. Fla. 2010). For example, the drafting, editing and disseminating of false statements for the purpose of promoting the sale of securities was a sufficient basis to establish primary liability for "making" a false statement in violation of Rule 10b-5(b). *See*, *e.g.*, *McConville v. S.E.C.*, 465 F.3d 780, 786-87 (7th Cir. 2006) (defendant who had "significant involvement" in drafting financial statements liable under Rule 10b-5); *S.E.C. v. Softpoint, Inc.*, 958 F. Supp. 846, 862 (S.D.N.Y. 1997) (consultant who assisted in

preparing and disseminating corporation's press releases liable under Rule 10b-5). However, when it issued *Janus*, the Supreme Court made clear that primary liability under Rule 10b-5(b) for "making" a false statement is limited to those with "ultimate authority over the statement, including its content and whether and how to communicate it." *Janus*, 131 S. Ct. at 2302.

While the Commission has alleged that Quan was responsible for reviewing and approving the allegedly fraudulent offering materials in this case, several of the misrepresentations appear in materials attributed to SCAF (not directly to Quan). Quan could, therefore, invoke *Janus*, arguing that the entity with "ultimate authority" over the statements was SCAF. For various reasons, we do not believe that *Janus* is inconsistent with the Commission's existing fraud claims against Quan. For example, some of the alleged misrepresentations were made orally by Quan to investors. In addition, the Commission believes that the facts will establish that Quan had "ultimate authority" over many, if not all, of the statements made by his entities. Nevertheless, to avoid any potential conflict with *Janus*, the Commission seeks leave to add new claims and defendants as described above. The proposed amendments directly address the attribution issues raised in *Janus* and add claims based on theories of liability that *Janus* left unaffected.[1]

---

[1] For example, the restrictions described in *Janus* do not affect claims (a) alleging violations of Section 17 of the Securities Act, *see, e.g., Daifotis*, 2011 WL 3295139 at *5-*6, (b) based on scheme liability, *see, e.g., SEC v. Mercury Interactive, LLC*, 07-cv-02822, 2011 WL 5871020, *2 (N.D. Cal. Nov. 22, 2011), or (c) alleging that a defendant aided and abetted another's fraud, *see, e.g., Big Apple Consulting*, 2011 WL 3759916 at *1.

### C.  The Proposed Amendment is not the Product of Undue Delay, Bad Faith or Dilatory Motive.

With discovery on the merits still on the horizon, the Commission has been diligently proceeding with several threshold tasks including (1) discovery regarding Defendant Quan's finances, (2) resolving disputes involving ABRG and the Bermuda Liquidator, (3) gathering assets that the Commission alleges belong to investors in SCAF, and (4) litigating disputes among the parties regarding the proper disposition of assets frozen by the Court.  The timing of the proposed amendment flows from the SEC's effort to systematically address preliminary issues before discovery on the merits begins.  It is not the product of undue delay, bad faith or dilatory motive.

### D.  The Defendants will not be Unduly Prejudiced if the Court Grants the Commission's Motion for Leave to File a First Amended Complaint.

The parties have not yet engaged in any discovery on the merits of the Commission's claims. In addition, the proposed First Amended Complaint covers familiar ground.  The amendments are based on the same core events as the original complaint and the factual allegations of the two pleadings significantly overlap.  For example, the facts underlying the proposed aiding and abetting and control person claims against Quan are substantively identical to those that formed the foundation of the direct liability claims of the original complaint.  Thus, granting this motion will not prejudice the Defendants.

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court grant the Commission's Motion for Leave to File a First Amended Complaint.

Respectfully Submitted,

**U.S. SECURITIES & EXCHANGE COMMISSION**

Dated: April 12, 2012

_____s/ Sally J. Hewitt_____
John E. Birkenheier (IL #6270993)
Charles J. Kerstetter (PA #67088)
Sally J. Hewitt (IL #6193997)
Timothy S. Leiman (IL #6270153)
Attorneys for Plaintiff
U.S. Securities & Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
T. (312) 353-7390
F. (312) 353-7398
birkenheierj@sec.gov
kerstetterc@sec.gov
hewitts@sec.gov
leimant@sec.gov

James Alexander
Assistant United States Attorney
District of Minnesota
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN
T. 612-664-5600
F. 612-664-5788
Local Counsel