## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

```
- - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES SECURITIES            :
AND EXCHANGE COMMISSION,           :
                                   :
        Plaintiff,                  :
                                   :
    v.                             :
                                   :       CIVIL ACTION
MARLON QUAN, et al.,               :       0:11-cv-00723-ADM-JSM
                                   :
        Defendants,                 :
                                   :
FLORENE QUAN,                      :
                                   :
        Relief Defendant,          :
                                   :
    and                            :
                                   :
DZ BANK AG DEUTSCHE                :
ZENTRAL-                           :
GENOSSENSCHAFTSBANK,               :
FRANKFURT AM MAIN ("DZ             :
BANK"), and                        :
                                   :
SOVEREIGN BANK,                    :
                                   :
        Intervenors.               :
- - - - - - - - - - - - - - - - - - - - - - - - x
```

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), District of Minnesota Local

Rule 16.2, and the Court's April 16, 2012 Order for Pretrial Conference, Plaintiff

U.S. Securities and Exchange Commission (the "Commission"), Defendants Marlon

Quan, Acorn Capital Group, LLC ("Acorn"), Stewardship Investment Advisors,

LLC ("SIA") and Intervenors DZ Bank and Sovereign Bank ("Sovereign") hereby
jointly submit the following report of their Rule 26(f) meeting:

## I.     THE PARTIES' RULE 26(f) MEETING

A.     **Date and Place**:  Telephonic conference at 11:15 am (CDT), April 24,
2012.

B. **Attendees**:

| | |
|---|---|
| John E. Birkenheier<br>Sally J. Hewitt<br>Timothy S. Leiman<br>U.S. Securities & Exchange<br>Commission<br>Chicago Regional Office<br>175 West Jackson Blvd., Suite 900<br>Chicago, Illinois 60604<br>T. (312) 353-7390<br>F. (312) 353-7398<br><br>*On Behalf of Plaintiff U.S. Securities &*<br>*Exchange Commission* | Bruce E. Coolidge<br>Wilmer Cutler Pickering Hale and<br>Dorr LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>(202) 663-6376<br><br>Brian R. Michael<br>Wilmer Cutler Pickering Hale and<br>Dorr LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA  90071<br>(213) 443-5374<br><br>*On Behalf of Defendants Marlon Quan,*<br>*Acorn, and SIA* |
| Hille R. Sheppard<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, Illinois 60603<br>(312) 853-7850<br><br>*On Behalf of Intervenor DZ Bank* | Ben M. Krowicki<br>Bingham McCutchen LLP<br>399 Park Avenue<br>New York, NY 10022-4689<br>(212) 705-7000<br><br>*On Behalf of Intervenor Sovereign Bank* |

C. **Insurance Carriers for Defendants**:  Chartis Insurance

### D. Agenda for the May 9, 2012 Pretrial Conference:

- The Commission's pending Motion for Leave to File Amended Complaint.

- Discussion of Impact of Receivership.

- Discussion of settlement and ADR possibilities.

- Resolution of disputes relating to the discovery and trial schedule as described below.

## II.   DESCRIPTION OF THE CASE:

### A. Jurisdictional Basis:

The Commission has brought this action pursuant to Section 20(b) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77t(b)], Sections 21(d) and 21(e) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78u(d) and 78u(e)], and Section 209(d) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-9(d)]. This Court, therefore, has jurisdiction of this matter pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

### B. Plaintiff's Summary of its Claims:

The Commission's claims against Marlon Quan and his co-defendants spring from a multi-billion dollar Ponzi scheme perpetrated by Minnesota businessman (and now convicted felon) Tom Petters. From 1995 to 2008, Petters fueled his fraudulent scheme by selling collateralized promissory notes ("Petters Notes" or "Notes") to investors. Petters represented that he used the Note proceeds to buy home electronics

equipment for re-sale to "big box" retailers such as Wal-Mart and Costco. In reality, the Notes were a sham: the equipment collateral did not exist, the sales to big box retailers never took place, and Petters misappropriated the Note proceeds to pay previous investors and his own personal expenses.

Connecticut-based hedge fund manager Marlon Quan fed hundreds of millions of investor dollars into Petters' Ponzi scheme. Quan managed a series of hedge funds through two entities that he controlled: (a) a purported commercial finance company, Acorn Capital Group, LLC, and (b) a registered investment advisory firm, Stewardship Investment Advisors, LLC. From 2001 to 2008, Quan solicited over 165 investors to invest at least $451 million in two of his hedge funds – Connecticut-based Stewardship Credit Arbitrage Fund, LLC ("SCAF, LLC") and its offshore cousin, Bermuda-based Stewardship Credit Arbitrage Fund, Ltd. ("SCAF, Ltd."). Quan, through Stewardship IA, invested the majority of the fund proceeds in Petters Notes and then administered the Note investments through Acorn. Quan reaped huge rewards through this arrangement, amassing more than $93 million in fees in less than seven years.

The Commission has not alleged – and need not prove – that Quan knew that the Petters Notes were a complete fraud. Rather, the Commission's March 24, 2011 Complaint alleges that Quan, acting through Acorn and Stewardship IA, misled investors about their investment in SCAF, LLC and the Petters Notes. Specifically, Quan and his entities lied to investors about purported safeguards designed to protect investor assets. Among other things, Quan and his entities falsely assured investors

4

that Quan's entities (1) would protect their investments through a "lockbox account," (2) had retained auditors to examine Petters' entities, (3) had purchased insurance to guard against the risk of default by Petters, and (4) performed extensive due diligence before purchasing a Note. None of those safeguards actually existed.

The Complaint also alleges that Quan concealed the fact that, starting in late 2007, Petters began defaulting on the Notes. Instead of disclosing Petters' defaults to investors, Quan and his entities actively concealed Petters' default by (1) engaging in over $200 million in "round trip" transactions to create the illusion that Petters was making Note payments and (2) negotiating a series of secret side agreements with Petters that papered over the defaults.

Based on those facts, the Commission has charged (a) Quan, Acorn and Stewardship IA with fraud under Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5, (b) Quan and Stewardship IA with fraud under Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, and (c) Quan with aiding and abetting Stewardship IA's violations of Section 206(4) of the Advisers Act and Rule 206(4)-8. [1]

---

[1] The Commission has filed a Motion for Leave to File an Amended Complaint. The proposed Amended Complaint adds additional Quan-controlled entities as defendants and adds new claims consistent with the U.S. Supreme Court's ruling in *Janus Capital Group, LLC, et al. v. First Derivative Traders*, 131 S.Ct. 2296 (2011). For example, the proposed Amended Complaint (a) alleges that Mr. Quan and his entities engaged in a fraudulent scheme to conceal Petters' growing inability to pay off the Notes and (b) adds claims against Mr. Quan based on aiding and abetting and control person liability. Although the proposed Amended Complaint adds new defendants and theories of liability, it is, in the main, based on the same underlying facts and alleged misconduct summarized here.

### C. Defendants' Summary of their Defenses:

Defendant Marlon Quan is the principal of an SEC-registered investment advisory firm SIA. During the period of the Complaint, SIA managed the assets of proposed defendant Stewardship Credit Arbitrage Fund, LLC ("SCAF"). In general terms, the business model of SIA and SCAF was to purchase loans for SCAF's portfolio from borrowers without access to primary credit markets. The loans were generally originated by defendant Acorn and SCAF sold membership interests in its portfolio of loans. Mr. Quan substantially owned and controlled SIA and Acorn. The loans acquired by Acorn and sold to SCAF were also leveraged via bank loans. SCAF's investment included, among others, loans to entities controlled by Thomas Petters. The collapse of the Petters Ponzi scheme led to the collapse of SCAF. Throughout the relevant period Mr. Quan believed in good faith that Petters was a legitimate businessman.

The principal grounds of the defense are that that Commission cannot meet its burden of proving either that Defendants made any material misrepresentation or that they acted with the required state of mind, namely an intent to deceive anyone. Defendants respectfully refer the Court to their Answer filed on May 27, 2011 (Docket No. 54) and to their memorandum of law and evidentiary submission in opposition to the Commission's motion for preliminary injunctive relief, filed by Defendants on April 7, 2011 (Docket Nos. 34, 35) for additional detail concerning the factual and legal basis of their defenses.

Defendants reserve the right to assert other affirmative defenses and to otherwise supplement their defenses after discovery.

### D. Intervenors' Summary of their Status:

DZ Bank and Sovereign intervened in this action because they have secured and unsecured claims against the approximately $18 million currently frozen by the Court. Neither DZ Bank nor Sovereign anticipates participating in the litigation of the merits of the Commission's claims against Defendants.

### E. Monetary Relief:

The Commission alleges that it is entitled to disgorgement of approximately $33 million in management and administrative fees collected by Quan from investors. In addition, the Commission alleges that – pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act and Section 209(e) of the Advisers Act – the Court should impose a civil penalty against each of the Defendants in an amount to be determined at trial.

## III.   PLEADINGS:

Defendants have been served with the Commission's Complaint and they jointly filed their Answer on May 27, 2011. The Commission has filed a Motion for Leave to File an Amended Complaint, which has been noticed for hearing on May 9, 2012. Defendants do not oppose the amendment.

## IV.   DISCOVERY PLAN:

### A. Proposed Schedules:

The Commission and the Defendants have reached an impasse on the proper amount of time for discovery in this matter and, therefore, the Commission and Defendants each submit a recommended schedule to the Court along with a short narrative as to why the proposed schedule is appropriate:

### 1) The Commission's Proposed Schedule:

| EVENT | PROPOSED DEADLINE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | May 11, 2012 |
| Deadline for Motions to Amend Pleadings | May 22, 2013 |
| Deadline for Completion of Fact Discovery | December 20, 2012 |
| Disclosure of Plaintiff's Expert(s) | January 8, 2013 |
| Disclosure of Defendants' Expert(s) | January 11, 2013 |
| Expert Reports Due | February 11, 2013 |
| Disclosure of Plaintiff's Rebuttal Expert(s) | February 18, 2013 |
| Rebuttal Expert Report Due | March 18, 2013 |
| Completion of Expert Discovery (including expert depositions) | April 1, 2013 |
| Deadline for Dispositive Motions | May 1, 2013 |
| Deadline for Pretrial Disclosures and Objections | May 31, 2013 (objections due 14 days thereafter) |
| Deadline for Pretrial Materials (pretrial order, etc.) | June 5, 2013 |
| Exchange of Exhibits | June 10, 2013 |

| Pretrial Conference | June 10, 2013 |
|---|---|
| Trial Date | June 12, 2013 |

While the Commission's claims against Quan are relatively easy to summarize, the underlying facts are anything but simple:  the case covers conduct over a seven-year period, is based on hundreds of millions of dollars of financial transactions among a web of interrelated corporate entities, and involves dozens of witnesses from multiple states and at least two foreign countries.  In addition, the Commission believes that there is a large volume of potentially responsive documents awaiting its document requests and third-party subpoenas – including documents at Defendants' offsite storage facility.

Consider just one of the Commission's fraud claims:  the Defendants' alleged scheme to hide Petters' Note defaults is composed of (a) dozens of complex financial transactions – including at least $200 million in "round trip" payments between Quan's entities and Petters' myriad companies, (b) four separate renegotiations of the Note terms including collateral swaps, forbearance agreements, and rollovers, (c) the surreptitious payment of $6.7 million in cash collateral to SCAF, LLC investors, and (d) misrepresentations and/or omissions to employees from SCAF, LLC's Bermuda-based outside auditor.

Despite that complexity, the Commission (1) has pared down the dozens of witnesses in this case to the 30-35 witnesses it wishes to depose and (2) has proposed an economical schedule that includes a fact discovery period of less than eight

months and would result in a trial on the merits in just over one year. Defendants'

proposed schedule – which includes just 3 ½ months for fact discovery and trial in

less than six months – is unrealistic given the size and complexity of the case and

does not give the Commission sufficient opportunity to marshal testimony from the

numerous, critical eyewitnesses to Quan's misconduct.

2) **The Quan Defendants' Proposed Schedule**:

| EVENT | PROPOSED DEADLINE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | May 16, 2012 |
| Deadline for Motions to Amend Pleadings | May 9, 2012 |
| Deadline for Completion of Fact Discovery | August 31, 2012 |
| Disclosure of Plaintiff's Expert(s) | August 31, 2012 |
| Disclosure of Defendants' Expert(s) | September 7, 2012 |
| Expert Reports Due | September 14, 2012 |
| Disclosure of Plaintiff's Rebuttal Expert(s) | September 17, 2012 |
| Rebuttal Expert Report Due | September 21, 2012 |
| Completion of Expert Discovery (including expert depositions) | September 28, 2012 |
| Deadline for Dispositive Motions | October 1, 2012 |
| Deadline for Pretrial Disclosures and Objections | October 8, 2012/October 22, 2012 |
| Deadline for Pretrial Materials (pretrial order, etc.) | October 15, 2012 |
| Exchange of Exhibits | October 22, 2012 |
| Pretrial Conference | October 22, 2012 |

| | |
|---|---|
| Trial Date | November 5, 2012 |

The SEC has been investigating Defendants for nearly three years and has made full use of its extremely broad investigative powers and resources including subpoenas for documents and testimony. In response to the SEC's subpoenas and other requests for information, Defendants have produced more than 1.6 million pages of documents and other information. The SEC has deposed Mr. Quan three times, as well as several former employees of the defendant companies, Defendants' accountant, Mr. Quan's wife, and other witnesses. The collapse of the Petters scheme, and the SEC's unsupportable allegations of fraud against Defendants have taken an enormous toll on Mr. Quan and his family personally, financially and professionally. Throughout this time, including since the SEC's initial Complaint was filed well over a year ago, Defendants have had no discovery, while they have continued to produce information to the SEC.

In these circumstances, Mr. Quan submits that the Court should reject the Commission's proposal to stretch out pretrial proceedings and discovery for well over another year. This case is straightforward: the SEC is basically called upon to submit proof that Mr. Quan knowingly made written and oral false statements of material fact. The protracted discovery schedule proposed by the Commission – calling for some 35 depositions, including once again of Mr. Quan – is wholly unjustified. The Commission has repeatedly and publicly accused Mr. Quan and his companies, both in court and in the press, of improper and deceitful conduct that

harmed many victims. Mr. Quan is entitled to an opportunity to defend himself and clear his name, and it is a basic principle of fairness that he be allowed to do so in a reasonable time frame. It is well past time for the Commission, with its vast resources and powers, and having already had nearly three years to conduct its investigation, to claim that in order to prove their claims they still need more than a year to collect additional documents and take further testimony from 35 witnesses.

### B. Discovery Limitations

**(1) Depositions**: The Commission and the Defendants have not reached agreement on the number of depositions that each party should be allowed to take. The Commission believes that it will need to take between 30-35 depositions (not including experts). The Defendants believe that they will need to take approximately 5 depositions (not including experts), depending in part on the number of investor witnesses identified by the Commission.

**(2) Interrogatories**: The Commission and Defendants have agreed that each side may propound 25 interrogatories on another party.

**(3) Electronic Discovery**: The parties have discussed the production of electronic documents and have agreed that parties may produce documents in Concordance compatible or native file format.

**(4) Alternative Dispute Resolution**: The parties have not agreed to conduct alternative dispute resolution at this time. Defendants believe that alternative dispute resolution would be appropriate and productive at this time. The

Commission believes that the parties are too far apart – both in their settlement positions and views of the case – for a settlement conference or mediation to be productive. The Commission states that it will remain open to further settlement discussions (including potential mediation) as the case progresses.

(5) **Discovery in Phases**:  The parties agree that it is not necessary to conduct discovery in phases.

(6) **Protection of Confidential Information**:  The parties agree that the Court's June 22, 2011 Protective Order should remain in place without modification.

(7) **Miscellaneous**:  The parties have agreed that the two intervenors (DZ Bank and Sovereign) should not be required to file initial disclosures under Fed. R. Civ. P. 26(a)(1).

C.   **Experts**:  The Commission and the Defendants anticipate that they will require expert witnesses at the time of trial.  The Commission anticipates calling two experts. Defendants anticipate that they will call one or two experts.

V.   **TRIAL:**

A.   **Estimated Trial Time**:  The parties have not agreed regarding the estimated trial time. The Commission estimates that its case-in-chief will take approximately 20 trial days. Defendants anticipate that their defensive case will require approximately one-third, and certainly no more than one-half, of whatever time is allowed for the Commission to put on its case.

B.       **Trial by Magistrate Judge:**  The Commission and the Defendants

have not consented to jurisdiction by the Magistrate Judge pursuant to Title 28,

United States Code, Section 636(c).

C.       **Trial by jury:**  The Commission requests a jury trial and has

submitted a timely jury demand in this matter pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted,


_____ Date: 5/2/12

John E. Birkenheier
Sally J. Hewitt
Timothy S. Leiman
U.S. Securities & Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
T. (312) 353-7390
F. (312) 353-7398
*On Behalf of Plaintiff U.S. Securities &*
*Exchange Commission*


_____ Date: 5/2/12

Bruce E. Coolidge
Wilmer Cutler Pickering Hale and Dorr
LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6376

Brian R. Michael
Wilmer Cutler Pickering Hale and Dorr
LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
(213) 443-5374
*On Behalf of Defendants Marlon Quan,*
*Acorn, and SIA*


_____ Date:_____

Hille R. Sheppard
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7850
*On Behalf of Intervenor DZ Bank*


_____ Date:_____

Ben M. Krowicki
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000
*On Behalf of Intervenor Sovereign Bank*

14

B.        **Trial by Magistrate Judge:** The Commission and the Defendants

have not consented to jurisdiction by the Magistrate Judge pursuant to Title 28,

United States Code, Section 636(c).

C.        **Trial by jury:** The Commission requests a jury trial and has

submitted a timely jury demand in this matter pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted,

_____ Date:_____
John E. Birkenheier
Sally J. Hewitt
Timothy S. Leiman
U.S. Securities & Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
T. (312) 353-7390
F. (312) 353-7398
*On Behalf of Plaintiff U.S. Securities &*
*Exchange Commission*

_____ Date:_____
Bruce E. Coolidge
Wilmer Cutler Pickering Hale and Dorr
LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6376

Brian R. Michael
Wilmer Cutler Pickering Hale and Dorr
LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
(213) 443-5374
*On Behalf of Defendants Marlon Quan,*
*Acorn, and SIA*

_____ Date: 5/2/12
Hille R. Sheppard
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7850
*On Behalf of Intervenor DZ Bank*

_____ Date:_____
Ben M. Krowicki
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000
*On Behalf of Intervenor Sovereign Bank*

14

## NOTE REGARDING SIGNATURES

As of 8:00 PM central time, Plaintiff Securities & Exchange Commission (the "Commission") has been unable to obtain a signature on behalf of Intervenor Sovereign Bank.  While the Commission files this version (signed by Plaintiff and the Defendants along with Intervenor DZ Bank) to comply with the Court's May 2, 2012 deadline, we will obtain Sovereign Bank's signature as soon as possible and will refile a version with all original signatures.

_____
Timothy S. Leiman

5/2/12