UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---------------------------- x

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

  Plaintiff,

v.

MARLON QUAN, et al.

  Defendants.

CIVIL ACTION
0:11-cv-00723-ADM-JSM

---------------------------- x

## DECLARATION OF TIMOTHY S. LEIMAN

I, Timothy S. Leiman, declare under penalty of perjury, in accordance with 28 U.S.C. §1746, as follows:

1. This declaration is submitted in support of Plaintiff United States Securities and Exchange Commission's ("SEC's" or "Commission's") Motion for an Extension of Discovery Deadlines.

2. I am a Senior Trial Counsel for the U.S. Securities and Exchange Commission – Division of Enforcement, staffed at the Commission's Chicago Regional Office at 175 West Jackson Blvd., Suite 900, Chicago, IL 60647.

3. Along with other Commission attorneys, I have represented the Commission in this action since July 2011.

4. During fact discovery in this matter, I had several phone conversations and exchanged e-mails with counsel for Defendants Marlon Quan,

1

Acorn Capital Group LLC ("Acorn"), and Stewardship Investment Advisors LLC ("Stewardship IA") in which we discussed the form, volume and availability of documents and Electronically Stored Information ("ESI") that were, at some point, in Defendants' possession, custody or control.

5. During those conversations, defense counsel informed me that Acorn's and Stewardship IA's corporate documents – consisting of "hundreds" of boxes of paper documents – were being kept in two storage units at Westy Self Storage in Port Chester, New York.

6. Defense counsel stated that Quan had stopped paying his bills for the two storage units at Westy Storage and that, therefore, Quan's position was that he no longer had possession, custody or control of Acorn's or Stewardship IA's documents.

7. Defense counsel also informed me that Defendants had, at some point, retained Ikon Office Solutions ("Ikon") – a company that is now a subsidiary of Ricoh USA, Inc. ("Ricoh") – to scan at least a portion of Defendants' corporate records and create a searchable database for those documents (the "Ikon Database"). Defense counsel stated that the database did not necessarily incorporate all of the paper documents in the Westy Storage units.

8. Counsel for the Defendants stated that Quan had stopped paying Ikon's bills and, consequently, Quan's position was that he no longer had possession, custody or control of the entire Ikon Database.

9. At no point did defense counsel indicate that – above and beyond the paper documents and the Ikon Database – Ikon (at the direction of Defendants Quan, Acorn and Stewardship IA) had created complete bit-for-bit images of approximately 30 computer hard drives used by Quan and his employees.

10. On November 7, 2012, the Commission served a subpoena for documents on Ricoh requesting that Ricoh produce, among other things, the Ikon Database that was created for Quan, Acorn, and Stewardship IA.

11. After serving the subpoena on Ricoh, I had several phone conversations with Ricoh's outside counsel to determine the volume and format of the data responsive to the Ricoh subpoena.

12. On November 16, 2012, during one of those initial phone conversations, Ricoh's outside counsel informed me that, in addition to over 553 gigabytes of data related to the Ikon Database, Ricoh had created complete bit-for-bit images of a number of computer hard drives belonging to Acorn, Stewardship IA, and its individual employees. Ricoh's counsel stated that the drives were being preserved at Ricoh's facility in Houston, Texas and initially estimated the volume of material from those preserved, imaged drives to be in excess of 1 terabyte (which would translate to millions of pages of typewritten text).

13. On November 30, 2012, Ricoh's counsel sent me an e-mail listing 30 hard drives that had been imaged by Ricoh. (E-mail attached as Exhibit A.) The

list includes hard drives from several critical witnesses, including Robert Bucci (Acorn's CFO and Stewardship IA's assistant portfolio manager), Domenic Miele (Associate at Acorn with primary responsibility for the Petters PAC Funding LLC account), Mark Sullivan (Acorn's VP of Operations), John Ruggiero (VP and Chief Compliance Officer for Stewardship IA), Richard Feldman (Acorn's Interim CFO), and Marlon Quan himself.

14. Sullivan and Ruggiero have already been deposed in this case and Feldman's and Quan's depositions are currently scheduled for later this month.

15. Moreover, absent an extension, the Commission's expert reports are due on January 7, 2013.

16. Based on the number of hard drives at issue, it appears likely that the bit-for-bit drive images that were recently discovered by the Commission contain well in excess of 1 terabyte of data.

17. I have consulted with one of the Commission's information technology support specialists who has informed me that – even setting aside easily accessed electronic documents in active files – a forensic review of the hard drives could reveal extensive data relevant to the claims and defenses of this case, including (among other things):

- Deleted files and deletion attempts;
- Web browser history and cookies;
- User activity logs;
- Additional metadata (including metadata that could demonstrate the authorship of documents);
- Tracked changes on documents;
- Hidden files and folders;
- Files with altered extensions;

4

- Encrypted files;
- Hidden hard drive partitions (where someone segments the hard drive in such a way as to hide the contents of a portion of the hard drive from other users or from searches); and
- Steganography – i.e., data hidden within other file types.

18. Prior to my November 16, 2012 discussion with Ricoh, neither the Defendants nor defense counsel had disclosed to me that approximately 30 computer hard drives used by Quan and his employees had been imaged and preserved and that over 1 terabyte of potentially responsive data had been archived by Defendants' vendor, Ikon. I have consulted with my colleagues at the Commission who have participated in the litigation of this matter and they have informed me that, likewise, neither Defendants nor defense counsel disclosed to them the existence of the 30 imaged and preserved hard drives.

I declare that the foregoing is, to the best of my knowledge, true and correct.

Executed on December 6, 2012

Timothy S. Leiman

# EXHIBIT A

**Renardo, Sara L.**

| | |
|---|---|
| **From:** | Lechtman, Evan <Lechtman@BlankRome.com> |
| **Sent:** | Friday, November 30, 2012 2:59 PM |
| **To:** | Leiman, Timothy |
| **Subject:** | Ricoh:  SEC subpoena |

Tim:

As we discussed, Ricoh currently has a forensic image of the following Stewardship/Acorn hardware:

| Whelan | Dean | Dell | Dimension 2350 |
|---|---|---|---|
| Martinenas | Vitas | Dell | Dimension 2400 |
| Feltman | Peter | Dell | Optiplex GX260 |
| Miele (Newest) | Domenic | Dell | Dimension 5150 |
| Hong | Mark | Dell | Dimension GX260 |
| Jessup | Kelly | Dell | Vostro 200 |
| Rausch | Jessica | Dell | Dimension 3100 |
| Miele (Old) | Domenic | Dell | Dimension E520 |
| Sullivan | Mark | Dell | Dimension 2400 |
| Aaron | David | Dell | Dimension 3100 |
| Bucci (Old) | Bob | Dell | Optiplex GX260 |
| Bromberg (spare) | | Dell | Dimension 2400 |
| PRC Intern | | Dell | Dimension 2400 |
| Chase | Emily | Dell | Dimension 3000 |
| Seidenwar (Old) | Paul | Dell | Optiplex GX260 |
| Quan | Christina | Dell | Dimension 3000 |
| Bucci (New) | Bob | Dell | Vostro 200 |
| Urban | Ward | Dell | Optiplex GX260 |
| Pent | Lisa | Dell | Dimension 3100 |
| Scanlan | Marcia | Dell | Dimension 3100 |
| Feldman | Richard | Dell | Dimension 2400 |
| Raefski | Dale | Dell | Dimension 3000 |
| Smith | Lee | Dell | Dimension 2400 |
| Durosko | Paul | Dell | Dimension 2350 |
| Rodriguez | Nelson | Dell | Dimension 2400 |
| Bloomberg | | Dell | Optiplex GX260 |
| Quan | Marlon | Dell | Dimension E520 |
| Ruggiero | John | Dell | Dimension 3000 |
| Seidenwar (New) | Paul | Dell | Dimension E520 |
| McGill | Mary | Dell | Vostro 200 |
| Unknown | Unknown | Maxtor | OneTouch4 External USB |

**Evan H. Lechtman** | **Blank Rome LLP**
One Logan Square 130 North 18th Street | Philadelphia, PA 19103-6998
Phone: 215.569.5367 | Fax: 215.832.5367 | Email: Lechtman@BlankRome.com

********************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

********************************************************************************************

Any Federal tax advice contained herein is not intended or written to be used, and cannot be used by you or any other person, for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Code. This disclosure is made in accordance with the rules of Treasury Department Circular 230 governing standards of practice before the Internal Revenue Service. Any written statement contained herein relating to any Federal tax transaction or matter may not be used by any person without the express prior written permission in each instance of a partner of this firm to support the promotion or marketing of or to recommend any Federal tax transaction(s) or matter(s) addressed herein.

********************************************************************************************