UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

------------------------------- x
UNITED STATES SECURITIES       :
AND EXCHANGE COMMISSION,       :
                               :
      Plaintiff,              :
                               :
v.                             :
                               :   CIVIL ACTION
MARLON QUAN, et al.            :   0:11-cv-00723-ADM-JSM
                               :
      Defendants              :
------------------------------- x

## DECLARATION OF SALLY J. HEWITT

    I, Sally J. Hewitt, declare under penalty of perjury, in accordance with 28 U.S.C. §1746, as follows:

    1.    This declaration is submitted in support of Plaintiff United States Securities and Exchange Commission's ("SEC") Motion for an Extension of Discovery Deadlines.

    2.    I am a Senior Attorney in the Division of Enforcement with the U.S. Securities and Exchange Commission, located at the Chicago Regional Office, 175 West Jackson Blvd., Suite 900, Chicago, IL 60647.

    3.    Along with other Commission attorneys, I have represented the Commission in the litigation of this matter since March 2011.

    4.    On April 24, 2012 I participated in a telephonic conference, along

with other SEC staff and counsel for Defendants, pursuant to Fed.R.Civ.P. Rule 26(f). Rule 26(f)(3) requires parties to confer, among other things, about "(C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced..." During that conference, defense counsel advised that Defendants Marlon Quan, Stewardship Investment Advisors, LLC and Acorn Capital Group, LLC, had two collections of relevant documents and ESI. One was a collection of Paper Records located at a storage facility in New York and the second was a database consisting of at least a portion of the Paper Records, electronically scanned into a searchable database ("Ricoh Database") by Ikon Office Solutions (n/k/a Ricoh USA, Inc.).

5. During the April 24, 2012 Rule 26(f) conference, defense counsel did not disclose the existence of any forensic images to counsel for the SEC.

6. On May 16, 2012 Defendants submitted their Fed.R.Civ.P. Rule 26(a) Disclosures to counsel for the SEC. *See* Exhibit A. The disclosures stated in part that the Defendants already had produced all "known" documents and tangible things that could be located with reasonable diligence and which may be used to support the claims or defenses in this action." The Disclosures did not reveal the forensic images.

7. The SEC produced over 1,100,000 pages to Defendants in electronic format and issued numerous discovery requests and document subpoenas following the Court's Pre-Trial Scheduling Order. (Dkt 159) The SEC also

began taking depositions on August 7, 2012. It has taken six depositions to date and has scheduled four more depositions. The SEC also has interviewed numerous other witnesses. Finally, it timely disclosed the identity of its expert witnesses and its experts are presently working to complete their report in time for the Rule 26(a)(2)(B) full disclosure deadline of January 7, 2013.

8. SEC counsel submitted additional document requests to Defendants on September 28, 2012. The requests each stated that if any document "once was, but no longer is, within your possession, custody or control, please identify each such document and its present or last known custodian and state" why it was not being produced. Defendants answered these requests on November 1, 2012. Each request included a general objection to the extent the requests asked for documents in the [Ricoh] database and warehouse that "Mr. Quan no longer can afford to pay for and thus cannot access, pursuant to the prohibitions in place by the custodians of those databases and warehouses." *See* Exhibit B. The requests then stated that the defendants were producing all responsive, non-privileged documents within the defendants' possession, custody or control.

9. After learning from Ricoh about the existence of the 31 imaged hard drives, SEC counsel conferred with defense counsel in an effort to reach agreement on an extension of fact discovery on December 7, 10, 12 and 13, 2012. The parties were unable to reach an agreement.

10. On November 27, 2012 witness Stanley Fishkin testified in his

deposition that Marlon Quan would be receiving probably $125,000 made in two payments with the first payment being "early in '13" and the second payment probably being at "the end of the third quarter." *See* Exhibit C, Fishkin deposition transcript at 191-192

I declare under perjury that the foregoing is, to the best of my knowledge, true and correct.

Executed on December 14, 2012

*Sally Hewitt*
Sally J. Hewitt