# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 11-723 ADM/JSM |
| v. | ) ) | |
| MARLON QUAN, *et al.*,  Defendants. | ) ) ) ) | |

## DEFENDANT MARLON QUAN'S RESPONSES AND OBJECTIONS TO PLAINTIFF SEC'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Marlon Quan ("Mr. Quan") hereby responds as follows to the first set of document requests propounded by Plaintiff Securities and Exchange Commission ("SEC").

## GENERAL OBJECTIONS

Each of Mr. Quan's responses is subject to, and incorporates, the following General Objections. Mr. Quan specifically incorporates each of these General Objections into his responses to each of Plaintiff's requests for production, whether or not each such General Objection is expressly referred to in Mr. Quan's response to a specific request.

1.      Mr. Quan objects to each request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity. Mr. Quan does not agree or intend to produce any privileged information or documents. The inadvertent

production by Mr. Quan of documents containing information protected from disclosure by any privilege or doctrine shall not constitute a waiver by Mr. Quan of such protections.

2.      Mr. Quan objects to any definition,[1] instruction, or request to the extent it is overbroad or unduly burdensome, or purports to impose upon Mr. Quan any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure and/or the local rules of the United States District Court for the District of Minnesota.

3.      Mr. Quan objects to each request to the extent it seeks information or documents neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Mr. Quan objects to each request to the extent it calls for the production of documents prohibited from disclosure by any laws or regulations of any state, the United States, or any other country.

5.      Mr. Quan objects to each request and to any definition to the extent they purport to impose a duty or obligation on Mr. Quan to search for documents or things beyond a reasonably diligent search of Mr. Quan's files where documents responsive to these requests would reasonably be expected to be found.

6.      Mr. Quan objects to each request and to any definition to the extent that they call for the production of documents that relate to or contain proprietary or confidential business information, trade secrets, or competitively sensitive information belonging to Mr. Quan.  Mr. Quan will produce responsive documents subject to the terms of any protective order governing the exchange of confidential information that is now in effect or may subsequently come into

---

[1] "Definition" refers to the definitions listed in Plaintiff's First Set of Document Requests Directed to Mr. Quan.

- 2 -

effect in this action.  Should the terms of such protective order change, Mr. Quan reserves the right to revisit his confidentiality designations as appropriate.

7.     Mr. Quan objects to each request to the extent it seeks information or documents protected from disclosure either by a confidentiality agreement or similar non-disclosure agreement with a third party or by court order.

8.     Mr. Quan objects to each request to the extent it seeks documents that are already in the possession of or known to Plaintiff.

9.     Mr. Quan objects to each request to the extent it seeks documents that are or information that is publicly available, duplicative of other discovery taken by Plaintiff, or more appropriately obtained through other discovery mechanisms.

10.     Mr. Quan objects to each request to the extent it is duplicative of requests made during the SEC's pre-litigation investigation of Mr. Quan.

11.     Nothing contained herein is an admission of the existence of any information sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular request.

12.     Mr. Quan's responses and objections herein, and his production of documents in response to the requests, shall not waive or prejudice any objections Mr. Quan may later assert, including, but not limited to, objections as to relevance, materiality, or admissibility in subsequent proceedings or at the trial of this or any other matter.

13.     Mr. Quan objects to Plaintiff's document requests as vague, ambiguous, overbroad and unduly burdensome.

14.     Mr. Quan objects to Plaintiff's document requests to the extent they are not reasonably limited in time in that they purport to require production of documents dating back to 2001. prior to events relevant to the claims in this case.

15.     Mr. Quan objects to the extent these requests ask for documents in the document databases and warehouses that Mr. Quan no longer can afford to pay for and thus cannot access, pursuant to the prohibitions in place by the custodians of those databases and warehouses.

16.     All responses are based on information presently known to Mr. Quan after reasonable investigation.  Mr. Quan's objections as set forth herein are made without prejudice to Mr. Quan's right to assert any additional or supplemental objections.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

All documents relating to the following transactions that Marlon Quan identified during his June 24, 2011 deposition in this matter:

(a) Any transfer of funds relating to the computer company, Heyspace (as described by Quan at page 48 of the transcript of his June 24, 2011 deposition);

(b) Any transfer of funds relating to Maintop Development, such as those discussed by Quan at pages 72-73 of the transcript of his June 24, 2011 deposition;

(c) Any transfer of funds relating to Orient Exquisite Limited and/or Victor Chan, such as those discussed by Quan at pages 77-78 of the transcript of his June 24, 2011 deposition;

(d) Any transfer of funds relating to Victor Chan, such as those discussed by Quan at pages 77-78 of the transcript of his June 24, 2011 deposition;

(e) Any transfer of funds relating to Value Creation Partners Company, Ltd., such as that identified by Quan at pages 79-80 of the transcript of his June 24, 2011 deposition;

(f) Any transfer of funds relating to "Brighter Prosperous" such as that identified by Quan at pages 92-97 of the transcript of his June 24, 2011 deposition;

(g) Any transfer of funds relating to "Sustainable Forest" such as that identified by Quan at pages 92-97 of the transcript of his June 24, 2011 deposition.

### RESPONSE TO REQUEST NO. 1:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome.  Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Requests for Production Nos. 8, 10, 14,

15, and 16 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Quan also objects to this request to the extent it seeks documents in the possession of third parties.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

### REQUEST NO. 2:

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and Matthew Yip on the other hand.

### RESPONSE TO REQUEST NO. 2:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 11 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

### REQUEST NO. 3:

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and Katherine Loh on the other hand.

## RESPONSE TO REQUEST NO. 3:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 13 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

## REQUEST NO. 4:

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and Victor Chan on the other hand.

## RESPONSE TO REQUEST NO. 4:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 15 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

- 7 -

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

**REQUEST NO. 5:**

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and persons affiliated with Maintop Development on the other hand.

**RESPONSE TO REQUEST NO. 5:**

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan further objects to this request on the grounds that the term "affiliated" is vague. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 14 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged communications between Mr. Quan and employees of Maintop Development within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

**REQUEST NO. 6:**

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and persons affiliated with Heyspace on the other hand.

**RESPONSE TO REQUEST NO. 6:**

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan further objects to this request on the grounds that the term "affiliated" is vague. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 10 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged communications between Mr. Quan and employees of Heyspace within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

**REQUEST NO. 7:**

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and persons affiliated with Orient Exquisite Limited on the other hand.

**RESPONSE TO REQUEST NO. 7:**

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan further objects to this request on the grounds that the term "affiliated" is vague. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 15 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

**REQUEST NO. 8:**

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and persons affiliated with Value Creation Partners Company, Ltd. on the other hand.

**RESPONSE TO REQUEST NO. 8:**

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan further objects to this request on the grounds that the term "affiliated" is vague. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 16 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

**REQUEST NO. 9:**

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and persons affiliated with "Brighter Prosperous" on the other hand.

**RESPONSE TO REQUEST NO. 9:**

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan further objects to this request on the grounds that the term "affiliated" is vague. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 8 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

## REQUEST NO. 10:

For the period of January 1, 2001 through the date of these requests, all communications between Mr. Quan on the one hand and persons affiliated with "Sustainable Forest" on the other hand.

## RESPONSE TO REQUEST NO. 10:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan further objects to this request on the grounds that the term "affiliated" is vague. Mr. Quan also objects to this request on the grounds and to the extent that it is duplicative of Request for Production No. 8 contained within the SEC's Letter requesting production of documents dated August 2, 2011. Mr. Quan further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

## REQUEST NO. 11:

The following documents related to the Security Agreement between SCAF, LLC and Acorn Capital Group, LLC (later amended to substitute Livingston Acres, LLC for SCAF, LLC):

(a) the April 30, 2003 Security Agreement; and

(b) the Amended and Restated Security Agreement dated January 1, 2007 (1st Amended Agreement).

## RESPONSE TO REQUEST NO. 11:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is duplicative of prior requests from the SEC, and these documents have already been produced.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

## REQUEST NO. 12:

The following documents related to the Loan Agreement between SCAF, LLC and Acorn Capital Group, LLC (later amended to substitute Livingston Acres, LLC for SCAF, LLC):

(a) the Original Loan Agreement;

(b) the 1st Amended and Restated Agreement dated April 30, 2003;

(c) the related Letter Agreement dated April 30, 2004;

(d) the Second Amendment to the Amended and Restated Agreement dated April 29, 2005;

(e) the Third Amendment to the Amended and Restated Agreement dated April 26, 2006; and

(f) the version of the Further Amended and Restated Agreement as of January 1, 2007.

## RESPONSE TO REQUEST NO. 12:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is duplicative of prior requests from the SEC, and these documents have already been produced.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce responsive, non-privileged documents within his possession, custody, or control located after a reasonable search that have not already been produced to the SEC to date.

## REQUEST NO. 13:

For the period from January 1, 2001 through the date of these requests, all documents relating to any and all bank accounts in the name of, or held for the benefit of, Acorn Credit Assurance Shenzhen Company, LTD, including but not limited to, account opening documents, bank statements, records of deposits, withdrawals, checks written on the account, wires in and out, and print-outs of each wire detail.

## RESPONSE TO REQUEST NO. 13:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome. Mr. Quan further objects to this request on the grounds that he previously offered to produce these documents pursuant to an

investigative subpoena and the SEC declined to receive them.  Mr. Quan further objects to this

request on the grounds that it seeks information that is not relevant nor reasonably calculated to

lead to the discovery of admissible evidence.

**REQUEST NO. 14:**

For the period from January 1, 2001 through the date of these requests, all documents

relating to any and all bank accounts in the name of, or held for the benefit of, Acorn Capital

Group (Cayman), LTD, including but not limited to, account opening documents, bank

statements, records of deposits, withdrawals, checks written on the account, wires in and out,

and print-outs of each wire detail.

**RESPONSE TO REQUEST NO. 14:**

In addition to the General Objections above, Mr. Quan objects to this request on the

grounds that it is overly broad and unduly burdensome.  Mr. Quan further objects to this request

on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to

the discovery of admissible evidence.  Mr. Quan also objects to this request on the grounds that

it is duplicative of prior requests from the SEC, and these documents have already been

produced.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce

responsive, non-privileged documents within his possession, custody, or control located after a

reasonable search that have not already been produced to the SEC to date.

**REQUEST NO. 15:**

All documents relating to any defenses or denials asserted by, or to be asserted by, you

in this case.

**RESPONSE TO REQUEST NO. 15:**

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that it is overly broad and unduly burdensome and on the ground that the SEC previously received all responsive, non-privileged documents within his custody or control pursuant to its investigative subpoenas. Mr. Quan further objects to this request as premature given that discovery is ongoing. Mr. Quan also objects to this request to the extent it seeks material protected by the Attorney-Client, Work Product, or other applicable privilege.

## REQUEST NO. 16:

All documents identifying all email addresses you used from January 1, 2001 to the present.

## RESPONSE TO REQUEST NO. 16:

In addition to the General Objections above, Mr. Quan objects to this request on the grounds that that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and Specific Objections, Mr. Quan will produce a list created to respond to Request No. 16 identifying to the best of his knowledge, recollection and belief all email addresses used by him from January 1, 2001 to the present as determined after reasonable inquiry.

Dated: November 1, 2012

Bruce E. Coolidge (#278952) (admitted *pro hac vice*)
Laura K. Schwalbe
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.

Washington, DC 20006

Sanket J. Bulsara (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007


Attorneys for Defendant Marlon Quan,

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>) | |
| Plaintiff, ) | Civil No. 11-723 ADM/JSM |
| v. ) | |
| MARLON QUAN, *et al.*,<br>Defendants. ) | |

## CERTIFICATE OF SERVICE

I, Laura K. Schwalbe, attorney for defendants Marlon Quan, Stewardship Investment Advisors, LLP, Acorn Capital Group, LLC, and ACG II, LLC (collectively "Defendants"), hereby certify that on November 1, 2012, I caused a true and correct copy of the foregoing document:

- Defendant Marlon Quan's Responses and Objections to Plaintiff SEC's First Set of Document Requests

to be served upon counsel for Plaintiff and for Intervenors, by e-mail and first-class mail as follows:

**Counsel for Plaintiff**

Sally J. Hewitt
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL  60604
HewittS@sec.gov

**Counsel for Intervenor DZ Bank**

Hille R. Sheppard
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
hsheppard@sidley.com


**Counsel for Intervenor Sovereign Bank**

Ben M. Krowicki
Bingham McCutchen LLP
One State Street
Hartford, CT 06103
ben.krowicki@bingham.com



Laura K. Schwalbe
Attorney for Defendants
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6438
laura.schwalbe@wilmerhale.com


Dated: November 1, 2012