# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| U.S. Securities and Exchange Commission, | Civil No. 11-723 ADM/JSM |
| Plaintiff, | |
| v. | |
| Marlon Quan, Acorn Capital Group, LLC Stewardship Investment Advisors, LLC, Stewardship Credit Arbitrage Fund, LLC, Putnam Green, LLC, Livingston Acres, LLC, and ACG II, LLC, | |
| Defendants, | |
| Florene Quan, | |
| Relief Defendant, | |
| Nigel Chatterjee, | |
| Intervenor, | |
| DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt am Main, | |
| Intervenor, | |
| Sovereign Bank, | |
| Intervenor, | |
| and | |
| Gary Hansen, | |
| Receiver. | |

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
### (LETTER ROGATORY)

The United States District Court for the District of Minnesota presents its compliments to the Attorney General, P.O. Box N 3007, Nassau, Bahamas, and requests international judicial assistance to compel the attendance of four witnesses who work at third-party Ernst & Young Chartered Accountants, a member firm of Ernst & Young Global Limited, located at One Montague Place, Third Floor, East Bay Street, Nassau, Bahamas ("Ernst & Young Bahamas") and reside in the Bahamas, at oral depositions to be taken in the Bahamas, to be used in a civil proceeding before this Court. The four witnesses are Jihanne Lizza Hosmillio, Tiffany Norris, Gabriel Tabamo, and Michele Thompson, auditors at Ernst & Young Bahamas, who worked on a 2007 year-end audit report for various entities, including several which are located in the United States and currently are defendants in the pending lawsuit, described below, filed by the U.S. Securities and Exchange Commission.[1] Each audited entity was controlled and managed by Marlon Quan, who allegedly was involved in soliciting investors to participate in a Ponzi scheme.

The evidence requested relates to a pending civil proceeding: <u>U.S. Securities and Exchange Commission v. Marlon Quan, et al.</u>, Case No. 11-cv-723, in the United States District Court for the District of Minnesota. The Amended Complaint names defendants

---

[1] The entities audited by Ernst & Young Bahamas included Defendant Acorn Capital Group, LLC ("Acorn"), Defendant Stewardship Credit Arbitrage Fund, LLC and its subsidiaries (collectively "SCAF"), and Stewardship Credit Arbitrage Fund, Ltd. and its subsidiaries (collectively "SCAF Ltd.")

Marlon Quan ("Quan"), Stewardship Investment Advisers, LLC ("Stewardship IA"), Acorn Capital Group, LLC ("Acorn"), Stewardship Credit Arbitrage Fund, LLC ("SCAF"), Putnam Green, LLC, Livingston Acres, LLC and ACG II, LLC as well a relief defendant, Mr. Quan's wife. The date of commencement of trial is the calendar call for August 1, 2013. This Court requests the assistance described herein as necessary in the interests of justice.

I. **SUMMARY OF ACTION.**

The applicant for this Letter of Request is plaintiff Securities and Exchange Commission, 175 West Jackson Boulevard, Chicago, Illinois 60604, United States of America. The Commission is the United States agency charged, among other things, with the civil enforcement of the U.S. securities laws. The Amended Complaint filed by the Commission alleges the following:

1. From 2001 to 2008 the Defendants solicited $459,077,561 from 110 investors, through misrepresentations and omissions, to invest in hedge funds that the defendants managed and controlled. Quan and his defendant entities received over $93 million in fees from operating these funds.

2. The Defendants, orally and in writing, misled investors about the safeguards and risks of these investments. For example, Defendant Marlon Quan, who owned and operated the investment adviser, Defendant Stewardship IA, misled investors about the existence of "lockbox" accounts to protect investor monies and cash collateral accounts in which deposits from borrowers purportedly were maintained for investors' protection.

3

3. Defendant Quan also misled investors by falsely representing that he purchased insurance against default and credit loss and that he performed extensive due diligence on each transaction before entering into it.

4. Defendant Quan directed approximately 60% of investor funds into promissory notes sold by Thomas J. Petters ("Petters") or an entity affiliated with Petters. Petters, who was running a $3.5 billion Ponzi scheme, began defaulting on these notes in 2007.[2] Defendant Quan, however, concealed these defaults from his investors and continued assuring clients that his funds were doing well.

5. In November 2007, Defendant Quan embarked on a series of convoluted transactions in which he exchanged approximately $226 million with Petters in "round trip" transactions that were designed to create a false appearance that Petters was making payments on the Notes.

6. Defendant Quan also began negotiating a series of secret agreements with Petters in February 2008 that concealed the defaults. One of these agreements, a Forbearance Agreement executed February 29, 2008, purported to "swap in" new collateral for approximately $112 million in late and defaulted Petters Notes. It also authorized paying out money held for investors' protection in a cash collateral account, with investors receiving $6.7 million as alleged overdue interest payments and the remaining $20 million paid directly to Petters. Defendant Quan did not tell his investors about this Forbearance Agreement; nor did he tell Ernst

---

[2] Petters was convicted in December 2009 of 20 counts of wire and mail fraud, conspiracy and money laundering. He was sentenced to 50 years in prison for these crimes on April 8, 2010.

&Young Bahamas one week later, when they came to his Greenwich, Connecticut office to perform their audit.

7. One item Ernst & Young had specifically requested to review during their March 2008 audit was all notes that were late or in default. However, Ernst & Young Bahamas' audit report dated March 31, 2008 does not report either the $112 million in late or defaulted notes or the payout of the cash collateral account.

The Amended Complaint charges all of the defendants with violating Section 17(a)(1) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(a) and (c) promulgated thereunder, charges defendants Quan, Stewardship IA, Acorn and SCAF with violating Section 17(a)(2) of the Securities Act, charges defendants Quan, Stewardship IA, Acorn and SCAF with violating Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5(b) thereunder, charges defendant Quan with aiding and abetting violations of Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) thereunder, charges defendant Quan with violating Section 20(a) of the Exchange Act, charges defendants Quan and Stewardship IA with violating Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 thereunder, charges defendant Quan with aiding and abetting violations of the Advisers Act,

The Defendants deny the Commission's allegations.

## II. **ASSISTANCE REQUESTED.**

It appears to this Court that the testimony of Jihanne Lizza Hosmillio, Tiffany Norris, Gabriel Tabamo, and Michele Thompson is relevant to the Plaintiff's allegations,

necessary for use at trial, not obtainable by this Court through compulsory process, and not otherwise obtainable unless the Attorney General provides his assistance.

The evidence will likely be used by one or more parties at the trial and is necessary in order for this Court to do justice in this action. Therefore, this Court respectfully requests that, in the interests of justice, the Attorney General issue appropriate orders, subpoenas or other compulsory process necessary to compel the attendance of Jihanne Lizza Hosmillio, Tiffany Norris, Gabriel Tabamo, and Michele Thompson for oral depositions to answer relevant questions.

This Court therefore requests that Jihanne Lizza Hosmillio, Tiffany Norris, Gabriel Tabamo, and Michele Thompson be required to give testimony pertaining to the following subject matters:

a) Ernst & Young Bahamas' communications with Marlon Quan and his employees and agents regarding the 2007 audit;

b) Information Quan and his employees provided Ernst & Young Bahamas during the 2007 audit, regarding Petters notes that were late or in default;

c) Information Quan and his employees provided Ernst & Young Bahamas during the 2007 audit, regarding interest payments to investors in SCAF and SCAF Ltd., including the source of such payments;

d) Information Quan and his employees provided Ernst & Young Bahamas during the 2007 audit, regarding the status of the cash collateral account;

e) Information Quan and his employees provided Ernst & Young Bahamas regarding the February 29, 2008 Forbearance Agreement and/or its substantive content;

    f) Information Quan and his employees provided Ernst & Young Bahamas during the 2007 audit, regarding the lockbox account;

    g) Information Quan and his employees provided Ernst & Young Bahamas during the 2007 audit, regarding due diligence performed by Quan and his employees; and

    h) Documents and other information relied on by Ernst & Young Bahamas to render its 2007 audit report issued to Acorn, SCAF, and/or SCAF Ltd.

This Court requests that the Attorney General, at the execution of this Letter Rogatory, permit the parties or their representatives to be physically present at the location of Jihanne Lizza Hosmillio, Tiffany Norris, Gabriel Tabamo, and Michele Thompson for the depositions, and permit the parties or their representatives to examine and cross-examine Jihanne Lizza Hosmillio, Tiffany Norris, Gabriel Tabamo, and Michele Thompson as permitted at trial under the United States Federal Rules of Evidence and in accordance with the United States Federal Rules of Civil Procedure in effect in the federal courts in the United States or in such manner as provided by local law for the formal taking of testimony.

This Court further requests that the Attorney General cause the depositions to be transcribed verbatim by a qualified court reporter, to cause the transcript of the deposition to be authenticated, to allow the deposition to be video recorded, and to cause the documents marked as exhibits to be delivered to Plaintiff's and Defendants' counsel.

This Court further requests that the Attorney General order that the original transcripts and video recordings of the depositions to the Plaintiff's representatives for retention and production at the time of trial.

In the spirit of international comity and reciprocity, this Court hereby requests international judicial assistance as set forth in this Letter of Request seeking the trial testimony of Jihanne Lizza Hosmillio, Tiffany Norris, Gabriel Tabamo, and Michele Thompson. Pursuant to 28 U.S.C. § 1782, this Court stands ready to extend similar assistance to the Attorney General and the Courts of the Bahamas in like cases.

Signature and seal of the requesting authority:

Date: 12/21/12

HONORABLE JANIE S. MAYERON
UNITED STATES MAGISTRATE JUDGE
United States District Court
For the District of Minnesota
632 Federal Building
316 N. Robert Street
St. Paul, MN 55101

I, Richard D. Sletten, Clerk of this United States District Court, keeper of the records and seal, certify that the Honorable Janie S. Mayeron, named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judicial Officer's official signature and know and certify the above signature to be that of the Judicial Officer.

In testimony whereof I sign my name and affix the seal of this Court at St. Paul, in Minnesota.

Dated: 12·21·12

Richard D. Sletten, Clerk

I, Janie S. Mayeron, a Judicial Officer of this Court, certify that Richard D. Sletten, named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal.

Dated: 12/21/12

Janie S. Mayeron, U.S. Magistrate Judge