UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

       Plaintiff,

v.

MARLON QUAN,
ACORN CAPITAL GROUP, LLC, and
STEWARDSHIP INVESTMENT ADVISORS, LLC,

       Defendants,

and

FLORENE QUAN,

       Relief Defendant,

and

NIGEL CHATTERJEE
DZ BANK AG DEUTSCHE ZENTRAL-
GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN,
and SOVEREIGN BANK,

       Intervenors,

and

GARY HANSEN,

       Receiver.

CIVIL NO. 11-723 (ADM/JSM)

**AMENDED** PRETRIAL
SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings.  The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings and Disclosures

May 16, 2012 -        All pre-discovery disclosures by plaintiff and defendants required by Rule 26(a)(1), including production of documents, shall be completed on or before this date. Intervenors DZ Bank and Sovereign shall not be required to file initial disclosures under Fed. R. Civ. P. 26(a)(1).

June 1, 2012 -        All motions which seek to amend the pleadings to add claims or to add parties must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed amended pleading.  This deadline does not apply to motions which seek to amend the complaint to add a claim for punitive damages.  Such motions must be brought on or before the non-dispositive motion deadline.

Discovery and Nondispositive Motions

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be served on the following dates:

December 1, 2012 -        By plaintiff
December 8, 2012 -        By defendants
February 8, 2013 -        Rebuttal by plaintiff

Full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be served on the following dates:

January 7, 2013 -        By plaintiff
February 1, 2013 -        By defendants
March 1, 2013 -        Rebuttal by plaintiff

**January 18, 2013**[1] -        **The fact discovery deadline of January 1, 2013 is extended to January 4, 2013 for the limited purpose of allowing Intervenor Sovereign Bank to complete is production of documents to plaintiff by this date, and to January 18, 2013, for the limited purpose of allowing the SEC to take Sovereign Bank's Rule 30(b)(6) deposition.**

April 1, 2013 -        All expert discovery of any kind, including expert depositions,

---

[1]        This Court granted plaintiff's motion for issuance of a letter rogatory for international judicial assistance to obtain testimony for use at trial from four third-party witnesses located in Nassau, Bahamas.  At the hearing on plaintiff's motion, this Court indicated that plaintiffs could continue to seek to take these witnesses' depositions up to the time of trial.

shall be commenced in time to be completed by this date.

January 15, 2013 -    All non-dispositive motions and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), including those which relate to **fact** discovery and any request for extension of this Pretrial Scheduling Order,[2] shall be served, filed and HEARD by this date.  In the event the Court is unable to schedule the hearing before this date because of conflicts in its own schedule, the moving party's motion papers (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order) must be served and filed 14 days before this date, the responding party's response must be served and filed 7 days before this date, and the moving party's reply served and filed no later than 12:00 noon two business days before this date.

April 15, 2013 -    All non-dispositive motions and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), including those which relate to **expert** discovery shall be served, filed and HEARD by this date.  In the event the Court is unable to schedule the hearing before this date because of conflicts in its own schedule, the moving party's motion papers (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order) must be served and filed 14 days before this date, the responding party's response must be served and filed 7 days before this date, and the moving party's reply served and filed no later than 12:00 noon two business days before this date.

Prior to scheduling any non-dispositive motion and following the conference required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge.[3]  To the extent that any non-

---

[1]    **Parties which agree by stipulation to seek an order modifying this scheduling order may submit the stipulation to the Court without a motion and do not need to comply with L.R. 16.3(a) or L.R. 7.1(b) (i.e. the parties do not need to schedule a hearing to address the stipulation).**

[1]    At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1 must have taken place, and all parties to the dispute must agree to use this

dispositive motion is to be filed, such motion shall be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge Janie S. Mayeron, (651) 848-1190.

All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1[4] and 37.1 as modified as follows: When a submission is filed on ECF, one paper hard copy, three-hole punched, of the entire submission shall be mailed or delivered

---

informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (e.g. the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed).  If the parties do agree to use this informal resolution process, one of the parties shall contact Calendar Clerk Katherine Haagenson, 651-848-1190, to schedule the conference.  The parties may (but are not required to do so) submit short letters, with or without a limited number of documents attached, prior to the conference to set forth their respective positions.  The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order.  If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

[3]       **On July 23, 2012, modifications to L.R. 7.1 became effective.  L.R. 7.1(b)(2), governing nondispositive motions, provides that within 7 days after filing of a nondispositive motion and its supporting documents under LR 7.1(b)(1), the responding party must file and serve its memorandum of law and any affidavits and exhibits. Similarly, L.R. 7.1(c)(2) governing dispositive motions, provides that within 21 days after filing of a dispositive motion and its supporting documents under LR 7.1(c)(1), the responding party must file and serve its memorandum of law and any affidavits and exhibits; L.R. 7.1(c)(3) requires the moving party within 14 days after filing of a response to a dispositive motion to either file and serve a reply memorandum or file and serve a notice stating that no reply will be filed.  Based on the new language of L.R. 7.1, responses to nondispositive and dispositive motions are triggered by the filing of the motion (and not service of the motion), and replies to dispositive motions are triggered by the filing of the response (and not service of the response).  As all attorneys are required to be on the Court's ECF system for filing and service, they will immediately receive the motion or response when it is filed.  Therefore, Fed. R. Civ. P. 6(d), which provides for an additional 3 days for electronic service of a pleading, has no application to the timing of the service and filing of responses and replies.**

to the undersigned in an envelope addressed to Katherine Haagenson, Calendar Clerk, contemporaneously with the submission being posted on ECF.  Additionally, a Reply Memorandum not exceeding 1750 words (including footnotes) may be filed and delivered to opposing counsel and the chambers of this Court no later than 12:00 noon two business days preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words.

Dispositive Motions and Trial

June 1, 2013 -     All dispositive motions and supporting pleadings (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order), shall be served and filed on or before this date.  In the event that the hearing for the motion is set to take place more than 42 days after this date, then unless the parties agree otherwise or as ordered by the Court, the response to the dispositive motion (including affidavits, exhibits and memorandum of law) shall be served and filed no later than 21 days after this date, and the reply memorandum shall be served and filed no later than 28 days after this date.

Counsel for the moving party shall call Calendar Clerk Gertie Simon, 612-664-5093  to schedule the hearing for the dispositive motion.  All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1.  When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Calendar Clerk Gertie Simon, 612-664-5093 contemporaneously with the documents being posted on ECF.

This case shall be ready for trial as of August 1, 2013. The parties estimate that trial of this Jury matter will take 20-40 days.

General

No more than 20 depositions shall be taken by plaintiff; no more than 20 depositions shall be taken collectively by defendants.

No more than 25 interrogatories (including all subparts) shall be served by plaintiff; no more than 25 interrogatories (including all subparts) shall be served collectively by defendants.

The Court will not establish the number of written discovery devices which may be employed by the parties not covered in this Order.  The attention of the parties is called to the provisions of Rule 26(g)(2).  If necessary, the Court will rule on objections to specific discovery.  See also Rule 26(g)(3) and Rule 37(a)(4).

Each party may depose all disclosed experts.

Each party may call all disclosed experts at trial.

<u>Electronic Discovery</u>

The parties shall preserve all electronic documents that bear on any claims, defenses or the subject matter of this lawsuit.  The parties have agreed that parties may produce documents in Concordance compatible or native file format.

<u>Handling of Sealed Documents Filed in Connection with All Motions</u>

In connection with any motion filed with this Court, only those portions of a party's submission (<u>e.g.</u>, memorandum of law, affidavit and exhibits) which meet the requirements for treatment of protection from public filing (<u>e.g.</u>, because they are subject to the attorney-client privilege or work product doctrine, they meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G), or a statute, rule or regulation prohibits their disclosure), shall be filed under seal.  Designation of material as confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement.

With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and the Court contemporaneously with the documents being posted on ECF.

Dated: January 7, 2013

*Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge