# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MARLON QUAN; ACORN CAPITAL GROUP, LLC; STEWARDSHIP INVESTMENT ADVISORS, LLC; STEWARDSHIP CREDIT ARBITRAGE FUND, LLC; PUTNAM GREEN, LLC; LIVINGSTON ACRES, LLC; and ACG II, LLC,<br>　　　　　　Defendants,<br><br>FLORENE QUAN,<br>　　　　　　Relief Defendant,<br><br>NIGEL CHATTERJEE; DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN and SOVEREIGN BANK,<br>　　　　　　Intervenors,<br><br>GARY HANSEN,<br>　　　　　　Receiver. | Civil No. 11-723 ADM/JSM<br><br>DECLARATION OF JONATHAN T. SHEPARD IN SUPPORT OF MOTION TO (1) INTERVENE AND (2) MODIFY ORDER APPOINTING RECEIVER |

I, Jonathan T. Shepard, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

　　　　1.　　I am a member of Pryor Cashman LLP, attorneys for Intervenors Topwater Exclusive Fund III, LLC ("Topwater"), Freestone Low Volatility Partners, LP ("Freestone LVP"), and Freestone Low Volatility Qualified Partners LP ("Freestone

LVQP" and together with Topwater, the "Preferred Investors") in this action. I have personal knowledge of the facts and circumstances set forth herein, except for those matters stated on information and belief, and as to those matters, I believe the information to be true. If called as a witness, I could and would competently testify to the matters set forth herein.

2. I submit this declaration in support of the Preferred Investors' motion to (1) intervene in this action and (2) modify the Court's Order appointing a Receiver, dated April 30, 2004 [Docket. No. 149] (the "Receiver Order"), to permit the Receiver to immediately commence the claims process and propose a plan of distribution.

3. Annexed as Exhibit A is a copy of Stewardship Credit Arbitrage Fund, LLC's ("SCAF") Amended and Restated Limited Liability Company Agreement, dated as of August 1, 2004.

4. Annexed as Exhibit B is a copy of the Class P Amendment to the SCAF Amended and Restated Limited Liability Company Agreement, dated as of September 1, 2004.

5. Annexed as Exhibit C is a copy of SCAF's Class P Private Placement Memorandum, dated September 1, 2004.

6. Annexed as Exhibit D is a copy of the January 29, 2009 letter from Stewardship Investment Advisors LLC to SCAF's Class P Investors.

7. Annexed as Exhibit E is a copy of an August 22, 2011 letter from Stewardship Investment Advisors LLC to SCAF's investors.

8. I have reviewed the Preferred Investors' account statements, including their 2010 schedule K-1s, to determine the Preferred Investors' final account balances in SCAF's Class A and Class P share classes.

9. With respect to Class P Shares, the Preferred Investors hold the following approximate amounts: Topwater: $5,816,719; Freestone LVP: $1,231,882; and Freestone LVQP: $1,492,435.

10. With respect to Class A Shares, the Preferred Investors hold the following approximate amounts: Topwater: $925,466; Freestone LVP: $1,381,170; and Freestone LVQP: 1,719,807.

11. Throughout my representation of the Preferred Investors, I have spoken on numerous occasions with Gary Hansen, SCAF's Receiver. Mr. Hansen has indicated to me that he has undertaken an investigation of the nature, value and location of all assets and property within the Receivership Estate. Based on that investigation, Mr. Hansen does not believe there to be any additional assets or property to be collected and placed into the Receivership Estate.

12. In addition, Mr. Hansen has informed me that all litigations against SCAF have either been resolved or are in the process of being resolved and that he does not anticipate commencing any lawsuits on behalf of SCAF to recover additional assets for the Receivership Estate.

13. I have advised Mr. Hansen that the Preferred Investors believe that the claims process should commence immediately and that the Receiver should shortly thereafter propose a plan of distribution. Mr. Hansen responded that under Decretal

Paragraph XVII of the Receiver Order, he cannot propose a plan of distribution until after entry of an order of disgorgement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 4, 2013
New York, New York

JONATHAN T. SHEPARD