
# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

Jonathan T. Shepard
Partner
Direct Tel: 212-326-0496
Direct Fax: 212-515-6963
jshepard@pryorcashman.com

February 19, 2013

**VIA FEDERAL EXPRESS**

The Honorable Ann D. Montgomery
United States District Court
13 W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

    Re:    US Securities and Exchange Commission v. Quan *et al.*
             Civil Case No. 11-723 ADM/JSM

Dear Judge Montgomery:

    We are counsel in the above-captioned action to Intervenors Topwater Exclusive Fund III, LLC, Freestone Low Volatility Partners, LP, and Freestone Low Volatility Qualified Partners, LP (collectively, the "Preferred Investors") and we write regarding the Preferred Investors' pending Motion To: (1) Intervene And (2) Modify Order Appointing Receiver (the "Motion"), which we filed on February 7, 2013 (Doc. Nos. 220 – 222). The Securities and Exchange Commission (the "SEC") is the only party in this action to oppose our motion, and it did so only with respect to our request to modify the Receiver Order. As a result, we respectfully request leave to submit a brief reply in response to the memorandum filed by the SEC in opposition to the Motion (Doc. No. 228).

    We submit that the SEC made several arguments in its opposition brief that warrant a response. First, the SEC, fundamentally misrepresents basic mechanics of how hedge funds, and SCAF, LLC ("SCAF") in particular, are structured and operate – a critical point in determining whether SCAF's assets can be disgorged. Second, the SEC erroneously asserts that SCAF was purportedly part of Mr. Quan's fraud and that SCAF's frozen funds, therefore, are subject to disgorgement. The SEC has repeatedly and mistakenly asserted that SCAF and Quan are essentially one in the same, even though there is absolutely no basis to do so. Third, by seeking further delay – potentially years of delay – the SEC is harming the very investors that it is tasked to protect. We believe further submission on these points will assist the Court in its determination of the Motion.

**PRYOR CASHMAN LLP**

The Honorable Ann D. Montgomery
February 19, 2013
Page 2

      If the Court is inclined to grant this request, then we further request that the Court permit the Preferred Investors to file and serve their reply memorandum on or before until March 7, 2013. That date is two weeks before oral argument on the Motion, which is currently scheduled for March 21, 2013.

      Thank you for your consideration of this request.

                              Respectfully submitted,

                              Jonathan T. Shepard

1212994 v3
13878.00004