UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| U.S. Securities and Exchange Commission, | Civil No. 11-723 (ADM/JSM) |
| Plaintiff, | |
| v. | |
| Marlon Quan, Acorn Capital Group, LLC, Stewardship Investment Advisors, LLC, Stewardship Credit Arbitrage Fund, LLC, Putnam Green, LLC, Livingston Acres, LLC, and ACG II, LLC, | **STIPULATION REGARDING STEWARDSHIP CREDIT ARBITRAGE FUND, LLC, PUTNAM GREEN, LLC, AND LIVINGSTON ACRES, LLC** |
| Defendants, | |
| Florene Quan, | |
| Relief Defendant, | |
| Nigel Chatterjee, | |
| Intervenor, | |
| DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt am Main, | |
| Intervenor, | |
| Sovereign Bank, | |
| Intervenor, | |
| Topwater Exclusive Fund III, LLC, Freestone Low Volatility Partners, LP and Freestone Low Volatility Qualified Partners, LP | |
| Intervenors, | |

and

Gary Hansen,

    Receiver.
_____

This Stipulation is by and among the United States Securities and Exchange Commission ("SEC"), Marlon Quan, Florene Quan, Acorn Capital Group, LLC, Stewardship Investment Advisors, LLC, and ACG II, LLC (jointly "Quan"), and Stewardship Credit Arbitrage Fund, LLC, Putnam Green, LLC, and Livingston Acres, LLC (jointly "SCAF").

**Whereas,** Quan and SCAF are defendants in the above-captioned action commenced by the SEC;

**Whereas,** Gary Hansen is a Receiver appointed, among other things, to act on behalf of SCAF, to collect and preserve assets of SCAF, and, following judgment in this matter, to make recommendations to the Court regarding the distribution of SCAF's assets to those with claims against SCAF;

**Whereas,** after Receiver Hansen waived formal service of the May 14, 2012 First Amended Complaint on behalf of SCAF and received a copy of that complaint from the SEC, Receiver Hansen and the SEC reached an agreement by which the SEC provided an indefinite extension of SCAF's obligation to respond to the complaint, in part to avoid unnecessary depletion of SCAF's assets;

**Whereas,** Receiver Hansen has determined that an active defense of this matter will be costly and will require the expenditure of funds that would otherwise be available for distribution to those with claims against SCAF; and

**Whereas,** Receiver Hansen has concluded that the determination of the SEC's claims against Quan will as a practical matter govern the determination of the SEC's claims against SCAF and that SCAF's active participation in this action will serve no beneficial purpose;

**Now, therefore, it is stipulated as follows:**

1. SCAF shall not be required to file a response to the First Amended Complaint, to file a response to the SEC's Motion for Partial Summary Judgment, or to actively participate in the trial of this action.

2. The SEC shall take no actions prior to the resolution of the summary judgment motions pertaining to the SEC and Quan or, if applicable, conclusion of the trial in this matter, to seek a default judgment against SCAF. The SEC further agrees to hold its summary judgment motion as to SCAF in abeyance pending resolution of the claims against Quan, whether at summary judgment or at trial.

3. Upon entry of summary judgment, the conclusion of the trial in this matter, or other final determination by the District Court of claims against Quan, SCAF and the SEC shall enter into a further stipulation applying that judgment to the claims against SCAF and requesting the Court to enter judgment as to SCAF in accordance with that further stipulation. SCAF and the SEC will enter into this further stipulation without prejudice to the Parties' rights to appeal from the determinations made with respect to

any dispositive motion, the determinations made at trial, or any judgment resulting from the stipulation.

4.	If SCAF and the SEC are unable to reach a further stipulation, the Court, upon motion of either the SCAF or the SEC, may enter judgment with respect to SCAF in a manner consistent with the determination of the claims made by the SEC against Quan.

Date:  June 6, 2012

By:  s/ John E. Birkenheier
    John E. Birkenheier
    Timothy S. Leiman
    C.J. Kerstetter
    Sally J. Hewitt

Chicago Regional Office
175 West Jackson Blvd.
Suite 900
Chicago, Illinois 60604
Tel. (312) 353-7390
Fax  (312) 353-7398

James Alexander
Assistant United States Attorney
District of Minnesota
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55402
Tel. 612-664-5600
Fax. 612-664-5788
Local Counsel

**ATTORNEYS FOR PLAINTIFF, U.S. SECURITIES AND EXCHANGE COMMISSION**

| | |
|---|---|
| Date:  June 6, 2012 | **WILMER CUTLER PICKERING HALE AND DORR LLP** |

By: s/ Bruce E. Coolidge
   Bruce E. Coolidge (#278952)
   Laura Schwalbe (#1011907)

1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Telephone:  (202) 663-6000
E-Mail:  *Bruce.coolidge@wilmerhale.com*
      *Laura.schwalbe@wilmerhale.com*

**ATTORNEYS FOR DEFENDANTS, MARLON QUAN, FLORENE QUAN, ACORN CAPITAL GROUP, LLC, STEWARDSHIP INVESTMENT ADVISORS, LLC, AND ACG II, LLC**

| | |
|---|---|
| Date:  June 6, 2012 | **OPPENHEIMER WOLFF & DONNELLY LLP** |

By: s/ Gary Hansen
   Gary Hansen (#40617)
   Ranelle A. Leier (#277587)

Campbell Mithun Tower
Suite 2000
222 South Ninth Street
Minneapolis, Minnesota  55402-3338
Telephone: (612) 607-7000
Facsimile:  (612) 607-7100
E-Mail:  *ghansen@oppenheimer.com*
      *rleier@oppeneheimer.com*

**RECEIVER FOR STEWARDSHIP CREDIT ARBITRAGE FUND, LLC, PUTNAM GREEN, LLC, and LIVINGSTON ACRES, LLC AND ATTORNEY FOR RECEIVER**