**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

U.S. Securities and Exchange Commission, Civil No. 11-723 (ADM/JSM)

Plaintiff,

v.

Marlon Quan, Acorn Capital Group, LLC, Stewardship Investment Advisors, LLC, Stewardship Credit Arbitrage Fund, LLC, Putnam Green, LLC, Livingston Acres, LLC, and ACG II, LLC,

Defendants,

Florene Quan,

Relief Defendant,

Nigel Chatterjee,

Intervenor,

DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt am Main,

Intervenor,

Sovereign Bank,

Intervenor,

Topwater Exclusive Fund III, LLC, Freestone Low Volatility Partners, LP and Freestone Low Volatility Qualified Partners, LP

Intervenors,

and

Gary Hansen,

Receiver.

---

# PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO INTERVENORS' MOTION TO DISMISS STEWARDSHIP CREDIT ARBITRAGE FUND, LLC

On May 31, 2013, Intervenors Topwater Exclusive Fund III, LLC ("Topwater"), Freestone Low Volatility Partners, LP ("Freestone LVP"), and Freestone Low Volatility Qualified Partners LP ("Freestone LVQP") (collectively the "Preferred Investors") filed a motion to dismiss based on an incorrect version of the facts in this case. Simply stated, they filed a motion to dismiss in which they incorrectly claimed that defendant Stewardship Credit Arbitrage Fund, LLC ("SCAF") was never served with the amended complaint in this matter.[1] Based on this faulty premise, they sought to dismiss SCAF, a third party represented by independent counsel.

On June 12, 2013, SCAF's counsel supplied documents to counsel for the Preferred Investors showing that the premise of their motion to dismiss was erroneous. Nevertheless, it appears that the Preferred Investors are continuing to pursue their motion. Accordingly, the United States Securities and Exchange Commission ("SEC") respectfully submits this Opposition.

## I. FACTS

On April 30, 2012, this Court appointed Gary Hansen Receiver for SCAF as well as Livingston Acres, LLC and Putnam Green, LLC. (collectively "the Receivership Entities") (Dkt. No. 149). The next day Gary Hansen as well as Ranelle Leier filed appearances in this matter. (Dkt. Nos. 150 and 151). Shortly thereafter, this Court

---

[1] For example, the Preferred Investors' Brief states: "Incredibly, the SEC has never served its amended complaint on SCAF, even though the Court directed it do so by May 18, 2012." (Dkt. No. 264 at p.4). There are other similar claims throughout the brief. As shown below, the Receiver acknowledged service of the amended complaint on May 16, 2013.

granted the SEC's motion for Leave to File an Amended Complaint which named the Receivership Entities as defendants in this matter. On May 14, 2012, the SEC filed the Amended Complaint. (Dkt. No. 160).

As set forth in papers recently filed by the Receiver, after being contacted by the SEC, the Receiver waived service of the Amended Complaint. The Receiver received a copy of the Amended Complaint and on May 17, 2012 sent the following email to the SEC acknowledging service:

**From:** Hansen, Gary
**Sent:** Thursday, May 17, 2012 9:10 AM
**To:** Leiman, Timothy (LeimanT@sec.gov)
**Cc:** Leier, Ranelle
**Subject:** Quan

Tim:

Confirming yesterday's telephone conversation, I acknowledge service of the recently amended complaint on the receivership entities effective on May 16, 2012.

Gary

OPPENHEIMER
OPPENHEIMER WOVE IL DONNELLY LLP
**Gary Hansen**
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
T 612.607.7584 F 612.607.7100
C 612.708.1486
ghansen@oppenheimer.com I vCard

(*See* Exhibit A attached hereto). The Receiver, representing SCAF as well as SCAF's subsidiaries Putnam Green and Livingston Acres, then reached an agreement with the SEC that the Receivership Entities would have an indefinite extension of any obligation they might otherwise have to respond to the Amended Complaint. (See Dkt. No. 279 at p. 2).

Since that time the Receiver acting as counsel for SCAF, Putnam Green and Livingston Acres has made more than 40 filings in this matter and appeared in hearings before this Court as counsel for the Receivership Entities. Both Gary Hansen and Ranelle Lanier appear on the docket as counsel for SCAF, Putnam Green and Livingston Acres. (*See* Dkt., attached hereto as Exhibit B). The Receiver also conferred with the other counsels in this case on agreed motions and took part in discovery by attending the deposition of Marlon Quan in New York in December 2012.

In February 2013, after discovery had closed, the Preferred Investors sought to intervene in this matter. The Preferred Investors had been aware of the SEC action for close to two years. In fact, Justin Young of Freestone Capital Management submitted a declaration which was filed with the Court on April 13, 2011. (Dkt. No. 44).

On May 31, 2013, the Preferred Investors filed a motion seeking to dismiss SCAF pursuant to Federal Rules of Civil Procedure 12(b)4 and 12(b)5. (Dkt. No.264) This motion was based on the factually incorrect assumption that SCAF was never served in this matter. Throughout their brief, the Preferred Investors make a series of inaccurate statements relating to both their erroneous claim that SCAF was never served and that the Receiver was purportedly not involved in the litigation.

The next week, on June 6, 2013, the Receiver filed a Stipulation (Dkt. No. 276) in which he stated:

> **Whereas,** after Receiver Hansen waived formal service of the May 14, 2012 First Amended Complaint on behalf of SCAF and received a copy of that complaint from the SEC, Receiver Hansen and the SEC reached an agreement by which the SEC provided an indefinite extension of SCAF's obligation to respond to the complaint, in part to avoid unnecessary depletion of SCAF's assets;

(Dkt. No. 276 at p.2). In the accompanying brief the Receiver similarly stated:

> On April 30, 2012, Gary Hansen was appointed as receiver of the Receivership Defendants [Dkt. No. 149]. On May 14, 2012, the Securities Exchange Commission filed a First Amended Complaint alleging claims against the Receivership Defendants and others under the Securities Act and the Exchange Act and alleging other claims against other defendants, including Marlon Quan, the principal of the Receivership Defendants [Dkt. No. 160]. Receiver Hansen agreed to waive service of the First Amended Complaint and he and the SEC agreed that the Receivership Defendants would have an indefinite extension of any obligation they might otherwise have to respond to that complaint.

(Dkt. No. 279 at p.2).

On June 11, 2013, counsel for the Preferred Investors wrote to the Receiver stating:

> We hereby request that you produce all documents which evidence these agreements that you purportedly made with the SEC. Or, to the extent that you do not have any documentation, we request that you certify the dates upon which you agreed to: (1) waive the SEC's obligation to serve the Amended Complaint on SCAF; and (2) an indefinite extension of time for SCAF's response to the Amended Complaint. In light of the upcoming briefing schedule, we request that you produce these documents and/or provide your certifications on or before June 17, 2013.

(*See* Exhibit C attached hereto). The next day, the Receiver wrote back to counsel for the Preferred Investors clearly setting forth the following timeline:

> On May 17, 2012, by email, I acknowledged receipt of the amended complaint on the receivership entities, effective on May 16, 2012. The email is attached.
>
> On May 30, 2012, I spoke with representatives of the SEC by telephone and requested an indefinite extension of time to respond to the amended complaint.
>
> On June 8, 2012, I asked the SEC whether it had reached a decision on my request for an indefinite extension of time in which the receivership entities could respond to the amended complaint. The SEC indicated that it agreed with the request.

> On June 8, 2012, I provided the SEC with a stipulation and order by which the agreement we reached was documented. Those documents are attached.
>
> As you are aware, the stipulation was not filed. However, the underlying agreement was reached and both the SEC and the receivership entities have proceeded on that basis.

The Receiver did supply counsel for the Preferred Investors with a copy of his email to the SEC acknowledging service of the amended complaint. (The Receiver's letter to counsel for the Preferred Investors and all attachments thereto are attached as Exhibit D).

Accordingly, since June 12, 2013 counsel for the Preferred Investors have had documents showing that statements in their motion to dismiss are incorrect. Nevertheless, the Preferred Investors appear to be pursuing their motion regardless of its incorrect factual basis. Accordingly, the SEC must file this Opposition.

**II. THE PREFERRED INVESTORS' MOTION SHOULD BE DENIED**

As clearly shown above, the Receiver was served with the Amended Complaint in this case on May 16, 2012 and waived formal service. In such a case a motion to dismiss under Federal Rules of Civil Procedure 12(b)4 and 12(b)5 should be denied.

The Preferred Investors do not, and the SEC would maintain cannot, cite any cases holding that a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)4 or 12(b)5 is appropriate where a defendant acknowledges and waives service. Indeed, in their brief the Preferred Investors cite only one Minnesota case, Hinz v. Washington Mutual Home Loans, No. 03-3203, 2004 U.S. Dist. LEXIS 5713 (D. Minn. Apr. 2, 2004). This case is not applicable to the actual facts of our case. In Hinz the Court did grant a motion to dismiss but in doing so noted that the defendants did not waive the requirement

of being served with a summons.[2] Id. at *5. None of the other cases cited by the Preferred Investors involve a defendant who waived formal service. In our case, the Receiver has stated that he waived formal service of the May 14, 2012 First Amended Complaint on behalf of SCAF and received a copy of that complaint from the SEC on May 16, 2013. (Dkt. No. 276).

Moreover, even if the Preferred Investors were unaware of the Receiver having acknowledged and waived service, it seems unlikely that they could have believed that the Receiver had not received actual notice of the pendency of this action. A simple review of the docket in this matter would show that appearances were filed by counsel for the Receiver and the docket itself identifies Mr. Hansen and Ms. Lanier as counsel for SCAF.[3] A review of the docket would also show more than 40 filings made by counsel for SCAF and the Receivership Entities. In such cases where there is no dispute that a defendant receives notice of a complaint, numerous courts, including this one, have held that service is proper. For example, in FDIC v. Swager, 773 F.Supp.1244 (D.Minn. 1991) the court stated:

---

[2] The Court in Hinz also granted motions to dismiss based on the statute of limitations and because the plaintiffs in that case claimed that their mortgage was void because it was not backed by currency backed by either gold or silver. Id. at *3-4.

[3] The fact that Mr. Hansen and Ms. Lanier entered appearances and made numerous filings and appearances in this matter is yet another reason why any claim under Federal Rules of Civil Procedure 12(b)4 or 12(b)5 should fail. “A general appearance or responsive pleading that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.” Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (*citing* Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982); Fed. R. Civ. P. 12(h)(1)).

> Rule 4 is a flexible rule which is liberally construed to uphold service as long as defendant receives sufficient notice of the complaint. Crane v. Battelle, 127 F.R.D. 174, 177 (S.D.Cal. 1989) (*citing* United Food and Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). Technical defects contained within a summons do not justify dismissal unless a party is able to demonstrate actual prejudice. Id.; *Cf*. Minnesota Mining & Mfg Co. v. Kirkevold, 87 F.R.D. 317, 323 (D.Minn. 1980) (in situations where defendant receives prompt actual notice of pendency of action, rules governing service should be liberally construed to uphold service).

FDIC v. Swager, 773 F.Supp. at 1249. Moreover, there is no question that the extreme remedy of dismissal sought by the Preferred Investors is inappropriate. In a case where the defendant had **not** waived service, Judge Frank held:

> Furthermore, when there is a technical violation of Rule 4, "dismissal is not appropriate unless the party has been prejudiced." Gottfried v. Frankel, 818 F.2d 485, 493 (6th Cir. 1987). "Rule 4, Fed. R. Civ. P., is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Sanderford v. Prudential Ins.Co. of America, 902 F.2d 897, 900 (11th Cir. 1990). There is no dispute that [defendant] received service of the complaint and the unsigned and unsealed summons, followed by the signed and sealed version. Despite any initial technical infirmity, [defendant] received constructive notice of the complaint. [Defendant] was aware of the litigation and filed the current motion on April 15, 2002, 4 days before the process defect was cured. To argue that [defendant] suffered prejudice by the technical violation of the rule is disingenuous.

Andersen Windows, Inc. v. Delmarva Sash & Door Co., No. CIV. 02-74, 2002 U.S. Dist. LEXIS 12008 at *9 (D. Minn. June 28, 2002). Clearly, even setting aside the fact that SCAF acknowledged and waived service, there is no argument that the Receivership Entities have suffered any possible prejudice. Counsel for the Receivership Entities has made numerous decisions as to how and when to participate in this litigation. Indeed, the

Receiver has acted reasonably and in what he feels to be the best interests of SCAF and the other Receivership Entities. [4]

Indeed, it appears that the Preferred Investors simply disagree with the decisions made by the Receiver and this Court and now wish to supplant current counsel for SCAF with themselves to the benefit of their own clients and at the expense of all the other investors. Tellingly, while on the one hand arguing in their brief that the Receiver has been totally absent from the case,[5] the Preferred Investors separately take issue with the fact that the Receiver opposed them in a brief. In a letter to the Court dated May 16, 2013 (Dkt. No. 253), counsel for the Preferred Investors complain that they filed a motion which the Receiver opposed. (Dkt. No. 253 at p.2). Counsel for the Preferred Investors went on to state:

> As members of SCAF, the Preferred Investors have a pecuniary interest in defending SCAF against the SEC's allegations and ensuring that SCAF's assets are not disgorged. **No other party to this Action is in a position to adequately defend SCAF — certainly not the Receiver who has taken a position on the record opposing the Preferred Investors' motion.** Thus, the outcome of this threshold issue will determine the Receiver's powers, which necessarily conflicts him from defending SCAF against an order of disgorgement.'

---

[4] The facts and law set forth by the SEC in responding to the Preferred Investors' claims pursuant to Federal Rules of Civil Procedure 12(b)4 and 12(b)5 apply equally to any arguments pursuant to Federal Rule 41(b). Since acknowledging and waiving service, the Receivership Entities have taken part in this litigation by engaging in discovery and making filings before this Court. Moreover, as shown in its recent Summary Judgment Brief (Dkt. No. 260) the SEC has aggressively pursued theories in discovery pursuant to which SCAF can and should be held liable. Accordingly, the Preferred Investors' Motion insofar as it is based on Rule 41(b) should also be denied.

[5] "SCAF has been excluded in every facet of the SEC Action, from interposing defenses, to engaging in discovery and hiring expert witnesses." Dkt. No. 264 at p.12.

(Dkt. No. 253 at p.2 emphasis added).[6] Left unsaid is how counsel for the Preferred Investors would be able to resolve the numerous conflicts of interest they would have in defending SCAF when they represent only three of SCAF's investors whom they claim should be compensated before any of SCAF's other investors.[7]

## III. CONCLUSION

Accordingly, the SEC respectfully requests that the Preferred Investors' Motion to Dismiss be denied.

Respectfully submitted,

s/ Charles J. Kerstetter
John E. Birkenheier
Charles J. Kerstetter
Timothy S. Leiman
Sally J. Hewitt
Attorneys for Plaintiff

---

[6] The Court should note that the Preferred Investors sought to dismiss SCAF only **after** the Receiver disagreed with their position as to distribution. Apparently, the Preferred Investors had no issue with service upon Mr. Hansen as long as they felt that their clients' "preferred" status was not in jeopardy. By filing their Motion to Dismiss at this point in time it appears that they are trying to circumvent the Court's April 19, 2013 Order (Dkt. No. 249) which denied the Preferred Investors' motion calling for an immediate distribution which would presumably take into account the "preferred" status of their clients. (Dkt. No. 220)

[7] The Preferred Investors' Motion also raises the novel issue of whether it is appropriate for one party to move to dismiss a third party. It is unclear what standing the Preferred Investors have to move to dismiss SCAF – a separate party, represented by separate counsel. The SEC has been unable to locate any cases which permitted such a motion. Nevertheless, for the other reasons set forth above, the SEC does not believe that the Court needs to address the question.

United States Securities
and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd.
Suite 900
Chicago, Illinois 60604
T. 312-353-7390
F. 312-353-7398
BirkenheierJ@sec.gov
KerstetterC@sec.gov
LeimanT@sec.gov
HewittS@sec.gov

James Alexander
Assistant United States Attorney
District of Minnesota
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN
T. 612-664-5600
F. 612-664-5788
Local Counsel

Dated: June 21, 2013