# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>                Plaintiff,<br><br>            v.<br><br>MARLON QUAN; ACORN CAPITAL GROUP, LLC; STEWARDSHIP INVESTMENT ADVISORS, LLC; STEWARDSHIP CREDIT ARBITRAGE FUND, LLC; PUTNAM GREEN, LLC; LIVINGSTON ACRES, LLC; and ACG II, LLC,<br><br>                Defendants,<br><br>FLORENE QUAN,<br>                Relief Defendant,<br><br>NIGEL CHATTERJEE; DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, SOVEREIGN BANK, TOPWATER EXCLUSIVE FUND III, LLC, FREESTONE LOW VOLATILITY PARTNERS, LP and FREESTONE LOW VOLATILITY QUALIFIED PARTNERS, LP<br><br>                Intervenors,<br><br>GARY HANSEN,<br>                Receiver. | Civil No. 11-723 ADM/JSM |

**PREFERRED INVESTORS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS ACTION WITH PREJUDICE AS TO DEFENDANT STEWARDSHIP CREDIT ARBITRAGE FUND, LLC FOR (1) FAILURE OF PROCESS AND INSUFFICIENT <u>SERVICE OF PROCESS, AND (2) FAILURE TO PROSECUTE</u>**

Intervenors Topwater Exclusive Fund III, LLC ("Topwater"), Freestone Low Volatility Partners, LP ("Freestone LVP"), and Freestone Low Volatility Qualified Partners LP ("Freestone LVQP" and together with Topwater, the "Preferred Investors") respectfully submit this reply memorandum of law in further support of their motion to dismiss this action as to defendant Stewardship Credit Arbitrage Fund, LLC ("SCAF") for failure of process and insufficient service and for failure to prosecute (the "Motion to Dismiss").[1]

## PRELIMINARY STATEMENT

In opposing the Preferred Investors' Motion to Dismiss SCAF, the SEC and the Receiver are joined at the hip. They have taken affirmative steps to secretly enter into agreements which have taken away any opportunity for SCAF to defend itself as a party to this action. One of those agreements is the June 8, 2012 stipulation (the "Stipulation"), which the SEC and the Receiver purportedly claim demonstrates that SCAF is an actual party to this action and therefore should not be dismissed. However, the Stipulation, which was first disclosed by the SEC and the Receiver one year later, on June 6, 2013, does no such thing.

The Stipulation actually demonstrates that the SEC has failed to prosecute this action against SCAF in violation of the Federal Rules of Civil Procedure. It is an unsigned document, which was never filed with the Court and was never So Ordered by the Court, thus making it a legal nullity. Even more, the Stipulation places responsibility

---

[1] Except for capitalized terms defined herein, capitalized terms herein shall have the meanings ascribed to such terms in the Preferred Investors' Memorandum of Law in support of the Motion to Dismiss (Doc. No. 264).

1

on the SEC to explicitly request that SCAF respond to the Amended Complaint and become a party to this action. The SEC unquestionably failed to do so.

Notwithstanding the SEC's failure to prosecute its securities fraud action against SCAF, the SEC has now filed a motion for summary judgment against SCAF and has entered into yet another agreement with the Receiver to ensure that SCAF does not participate in this action. So, according to the SEC and the Receiver, it is of no consequence that SCAF has not participated in any part of this action or asserted any independent defenses – the SEC can still demonstrate its liability and disgorge its assets. It is a stunning position for the SEC and the Receiver to take, considering that they are tasked with protecting SCAF's investors.

The SEC has conceded that it has not prosecuted its action against SCAF. That concession brings with it indisputable consequences, namely the dismissal of SCAF with prejudice from the action.

## ARGUMENT

### I. The Purported Stipulation Is Invalid And Does Not Comply With The Federal Rules Of Civil Procedure

In opposing the Motion to Dismiss, the Receiver and the SEC contend that the Preferred Investors are mistaken in their assertion that SCAF was never served with the Amended Complaint. (See Receiver's Opposition to Motion to Dismiss (Doc. No.295) ("Rec. Opp."), p. 2; SEC Opposition to Motion to Dismiss (Doc. No. 294) ("SEC. Opp."), pp. 2, 4.) In support of their contentions, the Receiver and the SEC point to their unsigned and unfiled Stipulation, that was purportedly entered into on June 8, 2012, but

was first disclosed on June 6, 2013. (Id.)  The Stipulation, however, is invalid for multiple reasons.

First, on its face, the Stipulation has no legal effect.  As an initial matter, it is not signed by the SEC. But even more significantly, the Stipulation explicitly provides that SCAF's time to respond is extended **only if the Court enters an Order providing for the extension**:

> IT IS HEREBY STIPULATED . . . that the Court may enter an order providing that the time for the Receivership Entities to answer, move or otherwise respond to the First Amended Complaint shall be extended to a date 14 days after email notice from Plaintiff to the Receiver requesting that a response be provided or such earlier date as the Court may hereafter designate.

See Affidavit of Gary Hansen in Support of Response Of Defendant SCAF to Motion to Dismiss, Exhibit 1 (Doc. No. 296-1.)  The Stipulation then contains a proposed Order for the Court to approve and enter.  (Id.)  It is indisputable, however, that neither the SEC nor the Receiver ever filed the Stipulation or even requested that the Court enter the Order which would have extended SCAF's time to respond to the First Amended Complaint. As a result, the Stipulation is simply a draft document that was not signed by the parties or So Ordered by the Court, and thus was not a legally binding agreement.

Second, it is even more incredible that the Receiver and the SEC failed to file the Stipulation because the Court specifically ordered them to do so.  The May 9, 2012 Order expressly provided that "[o]n or before May 18, 2012, [the SEC] shall serve and file the Amended Complaint . . . [and] Defendants shall serve and file a response to the Amended Complaint pursuant to the Rules."  (See Order, Doc. No. 157, at ¶¶ 3, 4 (emphasis

added).)  By its express language, the May 9, 2012 Order was mandatory in nature, and required the SEC to serve the Complaint and SCAF to file an answer.  See also Fed. R. Civ. P. 12(a)(1)(A).  Notably, the SEC does not even address its utter failure to comply with the Court's Order.[2]

Third, the SEC disingenuously claims that the Preferred Investors somehow should have known that the Receiver: (1) was defending SCAF in this action; and (2) entered into a Stipulation to waive service of process and extend SCAF's time to respond to the Amended Complaint.  (See SEC Opp., pp 4-6.)  Neither claim is true.  First, there was absolutely no way for the Preferred Investors, any other party to the SEC action, or the Court to know that the Receiver was defending SCAF against the SEC's claims. While the SEC claims that the Receiver, "acting as counsel for [the Receivership Entities] has made 40 filings in this matter and appeared in hearings before this Court as counsel for the Receivership Entities" that notion is illusory and deceptive because none of those filings were actually made in the context of the Receiver's representation of SCAF or any of the other Receivership Entities in the SEC action.  (SEC Opp., p.4.)  Indeed, the large majority of those filings were simply the Receiver requesting approval of his fees.  (See e.g. Doc. Nos. 164, 170, 174, 179, 185, 188, 197, 232, 245, 250 and 255.)

---

[2]  Federal Rule of Civil Procedure 4(l) provides that unless service has been waived, proof of service must be filed with the Court.  Fed. R. Civ. P. 4(l) (emphasis added). Where a defendant waives service, Rule 4(d)(4) requires the plaintiff to file the waiver in order to avoid the necessity of filing proof of service.  See Fed. R. Civ. P. 4(d)(4).  Thus, a plaintiff must file either proof of service or a waiver – filing neither is simply not an option.  In this case, the SEC has never filed proof of service of a the Amended Complaint on SCAF nor a waiver of such service and has offered no explanation for its failure to comply with these basic requirements of Rule 4.

Even more deceiving is the SEC's claim that the docket identified the Receiver as counsel for SCAF.  In an attempt to convince the Court to accept as truth the fiction that the Receiver has been acting as counsel all along for SCAF, the SEC attaches a copy of the docket in this case as of June 6, 2013.  However, that was the **first date** that the docket reflected the Receiver's representation of SCAF in this action, because that was the same date that the Receiver filed his motion to approve a version of the Stipulation.  Had the SEC attached the docket on any date before June 6, 2013, it would have indicated that SCAF (and the other Receivership Entities) was not represented by counsel.  Attached hereto as Exhibit "A" is a copy of an ECF "Party List" report obtained and printed by the Preferred Investors' counsel on April 19, 2013 (before filing the Motion to Dismiss).  That report demonstrates that SCAF was not being represented by counsel throughout the duration of the action until the Receiver made the aforementioned change after the Preferred Investors filed the Motion to Dismiss.  (See Exhibit A, p.11.)

If the SEC was so confident that SCAF was actually a party to its action, then it should have responded to the May 16, 2013 letter where counsel to the Preferred Investors informed the Court that they would be moving to dismiss SCAF because, based on the docket, it appeared that SCAF had never been served and was not currently being represented in the action.  (See Doc. No. 253.)  But the SEC did not respond to this letter waited nearly a month to disclose the purported Stipulation – which was after the Preferred Investors filed their Motion to Dismiss.  Putting the SEC's bad faith aside, there was simply no way for anyone to know about the secret agreement that the SEC and

Receiver now claim they entered into, and only disclosed more than one year after the fact.[3]

## II. The SEC Has Admittedly Failed To Prosecute Its Action Against SCAF

The SEC has relegated to a mere footnote its opposition to the Preferred Investors' arguments that it failed to prosecute the action. (See SEC Opp., p. 9, fn.4.) Notwithstanding the brevity of its opposition, the SEC makes two conflicting arguments. On the one hand, it claims that the Receiver has taken part in this action, even though he has never filed an answer or taken part in any discovery or motion practice. (See SEC Opp., p. 4.) On the other hand, it contends that it entered into an agreement with the Receiver whereby the SEC agreed that SCAF would not participate in the action. (See SEC Opp., p. 5.) The SEC's contradictory claims demonstrate the frivolity of its arguments and also demonstrate its failure to prosecute this action in violation of Rule 41(b).

The Stipulation itself establishes the SEC's failure to prosecute the action against SCAF. The Stipulation (which was never approved by the Court and is therefore invalid on its face) extends the time for SCAF to respond to the Amended Complaint to a date "14 days after email notice from [the SEC] to the Receiver requesting that a response be provided . . ." (See Affidavit of Gary Hansen (Doc. No. 296), Exhibit "1," (Doc. 296-1),

---

[3] While the SEC claims that SCAF should have known it was a party to the SEC's action, it does not matter for purposes of Federal Rule of Civil Procedure 4(l). "Even actual notice by a defendant of a suit does not lift the burden of the service requirement from a plaintiff." Hinz v. Washington Mutual Home Loans, Civ. No. 03-3203 (DWF/JGL), 2004 U.S. Dist. LEXIS 5713, at *5 (D. Minn. Apr. 2, 2004) (citing Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982)).

p. 5 (labeled page "2").) As such, the Stipulation puts the onus squarely on the SEC to request that SCAF respond to the Amended Complaint and formally become a party to the action. Of course, the SEC has never made such a request, and as a result, SCAF never responded to the Amended Complaint, whether by way of a motion to dismiss or an answer. Nor did SCAF engage in discovery or file any dispositive motions. So, under the Stipulation, the SEC gave itself the power to decide whether SCAF could become an actual party to the action. Instead of instituting that power, the SEC alternatively elected to prosecute the entire action without the inclusion of SCAF and then incredibly moved for summary judgment on SCAF's liability. Thus, it appears that the SEC and the Receiver purposefully and secretly forced SCAF to the sidelines so that the SEC could more easily prevail in its securities fraud case against SCAF. That would, as the SEC has acknowledged, serve to provide the SEC with a role that it would not otherwise have in recommending a distribution plan of the Frozen Funds.[4]

The SEC does not assert a single instance where it actually prosecuted its action against SCAF. Instead, it claims that SCAF has suffered no prejudice from not being a party to the SEC action. (SEC Opp., p. 8.) But the prejudice to SCAF is obvious. Because SCAF was not a party to this action, it did not have the opportunity to defend itself against the SEC's claims. The SEC and the Receiver have waited over one year to disclose the existence of the Stipulation. With such little time remaining before trial,

---

[4] Having previously acknowledged in its prior submissions to the Court that the outcome of the SEC's case against SCAF has a direct impact on the SEC's role in recommending a distribution plan for SCAF's assets, the SEC is now judicially estopped from taking a contrary position. See Dales v. Alliant Bank (In re Dales), 349 B.R. 193, 197-98 (B.A.P. 8th Cir. 2006 (citing New Hampshire v. Main, 532 U.S. 742, 749 (2001)).

even if SCAF is now permitted to defend itself, it cannot possibly mount a meaningful defense to the SEC's case.

By contrast, the SEC has taken definitive steps to ensure that SCAF cannot mount a defense to its claims. In addition to the Stipulation, the SEC has entered into a second stipulation with the Receiver under which the SEC and the Receiver will apply any judgment rendered against Marlon Quan to SCAF. (See Doc. Nos. 276 -279). But, as stated in detail in the Preferred Investors' Response to the Receiver's Motion to Approve the Stipulation, the SEC and the Receiver should not be permitted to determine SCAF's liability. (See Doc. No. 305, pp. 9-12) They both have an inherent conflict of interest in that their powers to recommend a distribution plan of the Frozen Funds will increase upon a finding of liability as to SCAF.

In the end, the SEC has attempted through its secret agreement with the Receiver to relieve itself of its obligation to prosecute its action against SCAF. The SEC has violated Court orders, as well as the Federal Rules of Civil Procedure in order to keep its agreement with the Receiver hidden from the Preferred Investors, and to be in the best position to obtain a judgment against SCAF. The SEC's failure to prosecute this action against SCAF was willful and intentional and warrants a complete dismissal of SCAF from this action. See Njaka v. Hellerud, Civ. No. 07-CV-1435 (JNE/SRN), 2010 U.S. Dist. LEXIS 47199, at * 11-20 (D. Minn. April 15, 2010) (dismissal of plaintiff's action with prejudice pursuant to Rule 41(b) warranted where plaintiff's failure to prosecute is willful or intentional).

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Motion to Dismiss and dismiss SCAF from this action.

Dated: July 3, 2013

                        PRYOR CASHMAN LLP

                        By: s/Jonathan T. Shepard
                              Jonathan T. Shepard (NY 4057337)
                              Robert M. Fleischer (NY 2528172)
                              Eric M. Fishman (NY 4401113)

                        7 Times Square
                        New York, New York 10036-6569
                        (212) 421-4100

                        WARNER LAW, LLC
                        George E. Warner, Jr. (#0222719)
                        120 South Sixth Street
                        Minneapolis, MN 55402-1817
                        (952) 922-7700
                        george@warnerlawmn.com

                        *Attorneys for Intervenors Topwater Exclusive Fund III, LLC; Freestone Low Volatility Partners, LP; and Freestone Low Volatility Qualified Partners, LP*